JACOB B. SALITRA and Another, Plaintiffs, v. ABRAHAM BORSON, etc., Defendant.

Supreme Court, Bronx County, March 29, 1926.

Associations — service, as required by General Associations Law, § 13, of order to show cause why defendant union should not be restrained from picketing — order directed service of copy thereof on person picketing and any officer of defendant — affidavit of service recites service was made on person who said he was officer — defendant's affidavit shows neither person who was designated as president of union nor person actually served were officers of union at commencement of action — service insufficient and court without jurisdiction — injunction denied.

An affidavit of service of an order to show cause why an injunction should not issue against the defendant, restraining it from picketing in front of premises occupied by plaintiffs, which recites that service of a copy of said order was made on a person who said he was an officer, is not a sufficient compliance with the direction of the court so as to confer jurisdiction, although the order directed a copy thereof to be served upon the person picketing, and thereafter, but before the return day, on any officer of the defendant union. Section 13 of the General Associations Law permits an action to be brought against the president or treasurer of such an association, but service of any summons or order must be made in the manner prescribed by statute.

Accordingly, plaintiffs are not entitled to an injunction restraining the defendant from picketing where defendant's affidavit shows that the person whom plaintiffs served as president of the union neither was president at the time the action was commenced nor was served with the restraining order, and that the person actually served is not and never has been an officer of the association.

APPLICATION for an injunction to enjoin picketing.

*Propper & Lichtig,* for the plaintiffs.

*I. M. Sackin,* for the defendant.

GIBBS, J. Plaintiffs seek to enjoin the defendant union from picketing in front of the premises occupied by them. On the return of the order to show cause the defendant association appeared specially for the purpose of objecting to the jurisdiction of the court, basing the objection upon the ground that neither the summons, complaint or order to show cause was served upon the defendant as required by section 13 of article 3 of the General Associations Law (as added by Laws of 1920, chap. 915). The court reserved decision on this question and permitted the parties to the proceeding to present argument in support of and in opposition to the application. This proposition must be determined before the court may inquire into the merits of the application. The order to show cause signed by a justice of this court directed .

that a copy of the order and the papers upon which it was based be served *upon the person picketing* and thereafter but before the return day *upon any officer of the defendant union.* Plaintiff submitted an affidavit of the process server who alleges that he served the summons, complaint, affidavits and order to show cause herein upon Abraham Borson, president of the Delicatessen Clerks' Union of Greater New York, by delivering to and leaving personally with a person at the office of the defendant a true copy thereof. He alleges that the person who received the process stated that he was " an officer " of the defendant's association but that he refused to divulge his name. Another affidavit made by one of the attorneys for the plaintiffs avers that he served another copy of these papers on a person who was picketing in front of plaintiffs' premises. In reply Abraham Borson makes affidavit that he was not the president of the defendant's association at the time the suit was instituted nor was he served with any of these papers. He asserts that on the day preceding the date of the order to show cause another person was duly elected president of the defendant. Max Nachminow swears that while at the defendant's office he was served with the papers. He alleges that he is not and never has been an officer of the association. Section 13 of the General Associations Law permits an action to be brought against the president or treasurer of such an association. It is elementary that suit is begun by the service of the summons or by the general appearance of the defendant. The order and the papers upon which it was granted must be served on the defendant association in the manner prescribed by law. (Civ. Prac. Act, §§ 225, 883; Rules Civ. Prac. rule 21.)

Under the circumstances the question is: Was proper service made upon the defendant? In *Bruce Lodge, Inc.,* v. *Sub-Committee of Management* (208 App. Div. 100) it was decided that the summons and complaint must be served on the president or other corresponding officer if there be no president. The same manner of service of a restraining order is necessary. (Rules Civ. Prac. rule 21.) It is conceded that the papers herein were served neither on Borson, alleged to be the president, nor his successor. The affidavit of service merely alleges that they were served on a person *who said he was an officer.* Such service in my opinion is not sufficient to confer jurisdiction.

I am not persuaded that compliance with the direction in the order to show cause that service thereof be made upon *any officer of the defendant union* is sufficient to cure the defect. (Civ. Prac. Act, §§ 225, 883.) Accordingly I conclude that this court

has no jurisdiction over the person of the defendant. Application for injunction denied, without prejudice, however, to the plaintiffs' right to renew the application.