Arthur Andrews, Plaintiff, v. Local Union No. 13, Journeymen Plumbers, Gas and Steamfitters and Sprinkler Fitters of Rochester, New York, Defendant.

Supreme Court, Monroe County, April 12, 1929.

*Abbott, Rippey & Hutchens*, for the plaintiff.

*Sutherland & Dwyer*, appearing specially for the defendant.

Cunningham, J.   The plaintiff seeks in this action to restrain the local union from entering into a contract with the Employers' Association providing for the compensation to be paid to the different classes of employees and effective for one year from April 1, 1929.

The contract provides for three classes of employees, journeymen, juniors and apprentices.   The plaintiff claims that under the by-laws of the National Association the classes should be limited to journeymen and apprentices and that the number of apprentices is not fixed in accordance with such by-laws.

The defendant is an unincorporated association of more than seven members.   It is not a legal entity separate from the persons who compose it.   Its members are " liable jointly upon its contractual obligations."   (*Mandell* v. *Cole*, 244 N. Y. 221, 227.)

Section 13 of the General Associations Law provides that " An action or special proceeding may be maintained against the president or treasurer of such an association   *   *   *   upon any cause of action   *   *   *   upon which the plaintiff may maintain such an action or special proceeding, against all the associates."

The statute permits a suit to be brought against the president or treasurer of the association merely for the purpose of doing away with the inconvenience of having each individual member of the association named as a party to the action and process served upon him.

When a suit is brought against the president of an association, by virtue of the statute, he becomes the representative of the members of the association and he is bound to protect their rights. If it were not for the statute an officer of an association would not have power to represent the members thereof in an action and any act so taken by him would not be binding upon such members. The statute gives him this authority in case the action is brought *against* him as president.

When an unincorporated association is named as defendant without joining therein the individual members thereof, there is no party before the court capable of being sued, and the mere fact that the summons and complaint in such action are served upon the president or treasurer of the association does not make that officer a representative of the members or authorize him to appear in their behalf. The officer must be sued as such in order to empower him to bind the members and property of the association by his acts.

Furthermore, the complaint in this action does not state who is president of the defendant association, thus showing that the action is not brought against the president of the association. As the suit was not commenced against the president of the defendant, service upon the individual holding that office did not confer upon the court jurisdiction of the members of the defendant association.

A contract similar to the one sought to be enjoined is annually entered into between the employers and the local union. The plaintiff, a member of the local union for many years, has never taken any step to have the National officers or organization determine whether such contract is in conflict with the constitution and by-laws of the parent body.

The plaintiff has a right to appeal to the general president of the United Association of Journeymen Plumbers and Steamfitters of the United States and Canada. From this decision an appeal may be taken to the general executive board of the United Association and from the decision of that body to the convention of the United Association.

Generally a member of an association must exhaust his remedies within the organization before appealing to the courts. This is so even though property rights may be jeopardized by the delay. (*Cabana* v. *Holstein-Friesian Assn.*, 196 App. Div. 842, 850; affd., 233 N. Y. 644.)

The motion is denied.