NEW YORK ELECTRICAL CONTRACTORS' ASSOCIATION, INC., Plaintiff, *v.* LOCAL UNION No. 3 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and Others, Defendants.

Supreme Court, Special Term, New York County, August 1, 1941.

*Weisman, Grant & Rickenthal*, for the plaintiff.

*Harold Stern*, for the defendants.

BERNSTEIN, J. This is an application by Local Union No. 3 of the International Brotherhood of Electrical Workers, named as one of the defendants in this action but appearing specially, to quash, vacate and set aside the summons, complaint, order to

show cause and other papers in the action and the purported service of them on said local union. The application is based upon the grounds: (1) That the said local union is misnamed and improperly designated as a defendant and (2) that the service of those papers upon it was not made in the manner prescribed by statute, and conferred no jurisdiction of it upon this court.

The local union is described in those papers as an unincorporated association having approximately 5,000 members. Its officers, who are also named as defendants individually, are said to be Bert Kirkman, president; Alfred H. Jensen, vice-president; Jeremiah P. Sullivan, secretary; William A. Hogan, financial secretary, and William Beck, treasurer. It is conceded that aside of the personal service of the papers on Sullivan and Hogan individually, the only service on the local union was a delivery of the papers to Harold Stern, described as its general counsel. That service was so made pursuant to the provisions of the order to show cause, upon the assertion of the plaintiff's attorney that " in the past it has been difficult and sometimes impossible to locate the officers, business agents and members of the executive committee of Local Union No. 3 " (affidavit of Herman Weisman), and it was to " be deemed sufficient notice so far as concerns this application for an injunction *pendente lite.*" (Order to show cause.)

An unincorporated association was never and is not now considered a legal entity, separate and apart from the persons who compose it. (*Mandell* v. *Cole*, 244 N. Y. 221.) To avoid the inconvenience of naming and serving every member of the association in an action against them, section 13 of the General Associations Law was enacted. *It provides for the maintenance of the action against the president or treasurer of the association,* and not against the association itself, and it must be strictly complied with. (*Hagan* v. *Bricklayers', etc., Union of Syracuse,* 143 Misc. 591, 593.) When the association is named as defendant, without joining the individual members, there is no one before the court who is capable of being sued. To bind the members and acquire jurisdiction of the property of the association the suit must be directed against the designated officer. (*Andrews* v. *Local Union No. 13 of Rochester,* 133 Misc. 899, 900.)

While the plaintiff has failed to entitle its action here against either the president or treasurer of the association, it has nevertheless named and described both of them in its papers, and it has joined several of the individual members as codefendants. As to at least two of such codefendants, who were personally served with the papers, the action is a valid pending action in which the plaintiff's alleged grievances may be properly adjudicated. Conse-

quently, if the proper officers of Local Union No. 3 were served with the summons, it would properly be before the court even under its association name, for the misnomer could be cured by amendment. (*Genesee Valley Trust Co.* v. *Newborn*, 167 Misc. 220; *Yeager* v. *Co-operative Fire Underwriters' Association of N. Y. State*, 243 App. Div. 743; Civ. Prac. Act, § 105.) This court, in that situation, would have no hesitancy in effecting such amendment, even on its own motion.

The difficulty, however, that confronts the plaintiff is that the local union is not before the court, because service of the summons was not made on either Kirkman, its president, or Beck, its treasurer, as prescribed by law. (*Salitra* v. *Borson*, 127 Misc. 173; *Hagan* v. *Bricklayers', etc., Union of Syracuse, supra*, 593.) The fact that service was effected upon Hogan, who was financial secretary of the local union as well as treasurer of the International Brotherhood, with which the local was affiliated, cannot avail the plaintiff, for the reason that such service was only made to bring him in as a defendant in his individual capacity

Since the local union is not properly before it, this court is constrained to grant the motion.

Settle order accordingly.