In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law of BALDWINSVILLE FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent. FRIEDA S. MILLER, Industrial Commissioner, Appellant. In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law of WALDEN FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent. FRIEDA S. MILLER, Industrial Commissioner, Appellant.— The Industrial Commissioner has appealed from a decision of the Unemployment Insurance Appeal Board, which held that directors of Baldwinsville Federal Savings and Loan Association are not employees of the association. By consent of the Attorney-General this decision is affirmed. The Industrial Commissioner has appealed from a decision of the Unemployment Insurance Appeal Board, which held that directors of Walden Federal Savings & Loan Association, who are employed as appraisers, are not its employees. The evidence sustains the finding. Decisions in both cases are unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law of F. & F. BUILDING CORP., Respondent. FRIEDA S. MILLER, as Industrial Commissioner, Appellant.— Appeal from a decision of the Unemployment Appeal Board which held that respondent filed a timely application to cease to be subject to the Unemployment Insurance Law as of January 1, 1939; and that such application should be considered on its merits by the Industrial Commissioner. During the year 1937 respondent employed four persons and was subject to the statute. During all the year 1938 it did not employ more than three persons, and at the end of each quarterly period it returned a quarterly payroll record with a notation to that effect. The Board held that in view of all the circumstances and in the interests of justice the final notice following the fourth quarter of 1938 should be deemed a timely application to cease to be subject to the statute (Labor Law, § 502, subd. 3, ¶¶ [3], [e]) as of January 1, 1939. Decision unanimously affirmed, with costs to the respondent. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claims for Benefits under Article 18 of the Labor Law Made by MARY B. ROWE and Others, Claimants. JOHNSTON PULP CORPORATION, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— Appellant contracted with the owners of timber lands to purchase standing spruce and balsam timber. It entered into a contract with one D'Avignon to cut, peel and draw the timber to appellant's mill. The written contract would indicate that D'Avignon was an independent contractor; however, the transaction between the parties did not follow the terms of the contract and sustains the finding made by the Appeal Board that the so-called employees of D'Avignon were in fact employees of appellant. Decision unanimously affirmed, with costs to the State Industrial Commissioner. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.