In the Matter of the Arbitration Between MOTOR HAULAGE COMPANY, INC., Respondent, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, TRUCK DRIVERS AND CHAUFFEURS LOCAL No. 807, Appellant.

Argued June 3, 1948; decided July 16, 1948.

· *Louis B. Boudin* and *Daniel W. Meyer* for appellant. I. As construed by the court below and applied in the judgment appealed from, article 84 of the Civil Practice Act violates the due process clause of the Fourteenth Amendment to the United States Constitution and the due process and trial by jury guaranteed by the New York State Constitution. (*Finsilver, Still & Moss* v. *Goldberg, Maas & Co.*, 253 N. Y. 382; *Schafran & Finkel, Inc.*, v. *Lowenstein & Sons, Inc.*, 280 N. Y. 164.) II. There was neither submission nor contract to arbitrate. III. The proceeding which resulted in the "award" was not instituted in conformity with the provisions of the contract, and was, therefore, ineffectual as an arbitration proceeding. IV. There was no dispute between appellant and respondent within the meaning of the agreement to arbitrate. V. There was in fact no arbitration. VI. There was no breach of agreement by the appellant, and, therefore, no legal basis

for an award of an arbitrator or judgment of a court. VII. There was no award. The so-called arbitrator did not in fact " arbitrate " but assumed to act as legislator laying down a general rule of law. VIII. The judgment appealed from is in violation of subdivision 6 of section 876-a of the Civil Practice Act and section 6 of the Norris-LaGuardia Act. (*Mondou* v. *New York, N. H. & H. R. R. R. Co.*, 223 U. S. 1; *Houston* v. *Moore*, 5 Wheat. 1; *Hines* v. *Davidowitz*, 312 U. S. 52; *Cloverleaf Butter Co.* v. *Patterson*, 315 U. S. 148.) IX. The arbitrator had no power to render two " awards " in the same " arbitration ", and the second " award " was therefore void, and the judgment entered thereon erroneous. (*Jones* v. *Welwood*, 71 N. Y. 208; *Herbst* v. *Hagenaers*, 137 N. Y. 290.) X. The court below had no power to enter the judgment appealed from, since there was no party before the court. (*McCabe* v. *Goodfellow*, 133 N. Y. 89; *Schouten* v. *Alpine*, 215 N. Y. 225; *Browne* v. *Hibbets*, 290 N. Y. 459; *Glauber* v. *Patof*, 294 N. Y. 583; *Hanke* v. *Cigar Makers I. U. of A.*, 27 Misc. 529; *Andrews* v. *Local Union No. 13, Journeymen P., G. & S.*, 133 Misc. 899; *Saxer* v. *Democratic Co. Committee of Erie Co.*, 161 Misc. 35.)

*Herbert Burstein* for respondent. I. The arbitrator's award was properly ordered enforced by the Appellate Division. (*Matter of Wilkins*, 169 N. Y. 494; *Matter of Burke*, 191 N. Y. 437; *Matter of Pine Street Realty Co.* v. *Coutroulos*, 233 App. Div. 404; *Matter of Devery* [*Daniels & Kennedy, Inc.*], 266 App. Div. 213, 292 N. Y. 596; *Matter of Marchant* v. *Mead Morrison Mfg. Co.*, 252 N. Y. 284.) II. Article 84 of the Civil Practice Act does not violate the Constitution of the United States or of the State of New York, and the award is enforcible under section 1458 of the Civil Practice Act. (*Finsilver, Still & Moss* v. *Goldberg, M. & Co.*, 253 N. Y. 382.) III. There was a contract to arbitrate. (*Matter of Kelley*, 240 N. Y. 74; *Matter of Fabricand* v. *Nortz*, 252 N. Y. 524.) IV. The arbitration proceeding which resulted in the award was properly and regularly conducted. (*Matter of Oltarsh* v. *Classic Dresses, Inc.*, 255 App. Div. 532; *Gilbert* v. *Burnstine*, 255 N. Y. 348; *Lane* v. *Endicott Johnson Corp.*, 75 N. Y. S. 2d 171; *Matter of Linne* [*Stuyvesant Constr. Corp.*], 268 App. Div. 982; *Matter of Behrens* [*Feuerring*], 296 N. Y. 172; *Matter of Kahn* [*Nat.*

*City Bank*], 284 N. Y. 515.)   V. The arbitrator could properly assess damages.   The judgment is not in violation of subdivision 6 of section 876-a of the Civil Practice Act and section 6 of the Norris-LaGuardia Act.   (*United Brotherhood of Carpenter & Joiners of America* v. *United States*, 330 U. S. 395; *Allen Bradley Co.* v. *Local Union No. 3, IBEW*, 325 U. S. 797; *United States* v. *American Federation of Musicians*, 318 U. S. 741; *Plazmont Pharmacy, Inc.*, v. *Retail Drug Store Employees Union, Local 1199*, 57 N. Y. S. 2d 387; *Matter of Sperling* v. *Newtown Laundry Service, Inc.*, 264 App. Div. 878; Civ. Prac. Act, § 1448, opening par.)   VI. The " two " awards were properly made as part of a single arbitration proceeding. (*Rodier* v. *Fay*, 7 N. Y. S. 2d 744; *Kirkman* v. *Westchester Newspapers, Inc.*, 261 App. Div. 181, 287 N. Y. 373; *Hagan* v. *Bricklayer Union No. 28*, 143 Misc. 591; *Schouten* v. *Alpine*, 215 N. Y. 225; *Bobe* v. *Lloyds*, 10 F. 2d 730, 270 U. S. 663.)

*Per Curiam.*   In this State an action or special proceeding may not be maintained nor may judgment be entered against an unincorporated association in its proper name.   In a case where the complaint or notice of motion commencing a special proceeding is served upon the president or treasurer of an association, the failure to designate that person in his representative capacity as the defendant or respondent is an irregularity which may be corrected in the absence of prejudice to a substantial right of any party (Civ. Prac. Act, § 105; *Yeager* v. *Co-operative Fire Underwriters Assn.*, 243 App. Div. 743).   We find no other error.

The judgment of the Appellate Division and order of Special Term should be reversed and the matter remitted to Special Term for further proceedings not inconsistent with this opinion, with costs in all courts to abide the event.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur; CONWAY, J., taking no part.

Judgment reversed, etc.