**BRADDICK et al. v. FEDERATION OF SHORTHAND REPORTERS et al.**

United States District Court
S. D. New York.
July 31, 1953.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Porter R. Chandler, Rufus D. McDonald, Philip C. Potter, Jr., New York City, of counsel, for plaintiffs.

Irving Abramson, New York City, David I. Shapiro, New York City, of counsel, for defendants.

WEINFELD, District Judge.

This is an action for an injunction and treble damages under the Sherman and Clayton Anti-Trust Acts, 15 U.S.C.A. §§ 1, 2, 15 and 26, and under the common law and § 340 of the General Business Law of New York.

The plaintiffs are "Principal Reporters" engaged in the City of New York in the shorthand reporting business. The individual defendants are members of the defendant association, Federation of Shorthand Reporters. The Principal Reporters provide for the reporting of hearings and depositions and the delivery of the transcription, pursuant to contracts with attorneys, government agencies, and others in New York and other states, and are engaged in, and their activities affect, interstate commerce. In carrying out assignments they engage the services of "free lance" shorthand reporters who are members of the Federation, which consists of practically all the free lance reporters in the Greater New York Area.

Prior to March 1, 1953, the Principal Reporters maintained a contractual relationship with the Federation, under which the Principal Reporters were bound to engage only members of the Federation unless members were unavailable to perform the services. The agreements recognized Federation as the "exclusive bargaining representative" for its member reporters whose services were utilized by the Principal Reporter with respect to rates and conditions relating to performance of assignments. The contracts declared that the relationship between the Principal Reporter and an individual Federation Reporter was

that of "independent contractor" and that the Principal Reporter "independently contracts" with the individual Federation member reporter for his services only for the duration of an assignment and until its completion and that each assignment is a separate and distinct contract.

The complaint alleges that the "independent contractor" relationship so declared under the agreement exists in fact; that the Federation members were not only free to, and did, make their services available to different Principal Reporters, but they worked for themselves in competition with Principal Reporters. In substantiation of the claim that Federation members were independent contractors, it is alleged that they were not on the payroll of the Principal Reporters, received no guaranteed assignments, were not paid for overtime or sick leave, and no social security deductions were made nor any income taxes withheld from their fees. Also noted is the absence of other indicia common to the traditional employer-employee relationship.

The complaint further charges that the Federation members have combined and conspired to fix prices for their services by requiring plaintiffs and other Principal Reporters to agree to fixed prices in their contracts with Federation and that defendants have conspired and agreed (a) not to perform services for the Principal Reporters without a contract between them and the Federation; (b) to force the Principal Reporters to use the services of Federation members exclusively; and (c) to coerce free lance reporters to join the Federation; that as a result of this combination the defendants control the free lance shorthand reporting market in the Greater New York Area and constitute a monopoly in the area, with the ability to control the price of such services; that the defendants by eliminating competition among themselves and by monopolizing the said free lance shorthand market have set a fixed price for their services and have re-fused to make the services available at competitive prices, which fixed price directly benefits the defendants when acting in competition with the Principal Reporters, for it enables the defendants to charge for their finished product the same higher price which the Principal Reporters were forced to charge as a result of the fixed prices they had to pay reporters engaged by them.

It is further charged that in January 1953, the Federation made a series of demands for agreements, to become effective March 1, 1953, embodying all the existing restrictive practices and features and providing for even higher prices; that upon the refusal of the plaintiffs to accede to these demands until the legality of the Federation's activities had been ruled upon, the defendants, to coerce the plaintiffs to sign new agreements declared a boycott, withdrew their services from the plaintiffs, and picketed both the plaintiffs and their clients; that the defendants have monopolized the market of free lance shorthand reporting service in the Greater New York Area and are engaged in a combination and conspiracy to restrain competition in the marketing of such services in restraint of commerce, in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 and 2. The complaint further alleges that defendants' activities likewise violate § 340 of the General Business Law of the State of New York and that they have formed a common law conspiracy to interfere with the advantageous relationships between the plaintiffs and their clients. Finally, it is asserted that the Federation is not a bona fide labor organization and cannot avail itself of any statutory privileges enjoyed by such organizations. The foregoing summarizes the factual statements in the first cause of action upon which equitable relief is demanded; they are realleged in the second cause of action (with the exception of those relating to threat of future injury), with an added statement of damage suffered, and on this cause of action three-fold damages are asked for.

The case is now before the Court on the defendants' motion (a) to dismiss because the complaint fails to state a cause of action upon which relief can be granted; (b) to dismiss, or in lieu thereof, for summary judgment in the defendants' favor on the ground that there is no issue as to any material fact; (c) to dismiss on the ground that the Court lacks jurisdiction over the subject matter; and (d) for a more definite statement and in conjunction therewith to dismiss as against the Federation the second and third claims in each cause of action based on § 340 of the General Business Law of the State of New York and the common law, on the ground that the plaintiffs have failed to comply with Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and § 13 of the General Associations Law of New York.

The first three branches of the motion rest essentially on the defendants' underlying contentions that the Federation is a bona fide labor union, a combination of workingmen, organized to promote their mutual good, that the conspiracy complained of is confined to fixing the price of the defendants' services and bettering their conditions of employment—that it is not a combination to fix or raise the price charged to the customers of the Principal Reporters for the finished product, the final transcript, or to control the market price to the consuming public by stifling competition.[1] Accordingly, they urge that the dispute is a labor dispute and insofar as any grievances at all are stated, they are merely unfair labor practices over which the Courts have no jurisdiction—that the matter is within the jurisdiction of the National Labor Relations Board.[2]

Whatever the merit of these contentions as applied to the facts as they may ultimately be developed, it is at least clear that they run directly counter to the complaint as framed. The complaint alleges specifically that the Federation is not a bona fide labor organization and, of course, on a motion to dismiss for insufficiency, the fact so alleged must be accepted as true. If it is not a bona fide labor organization, the main prop of the defendants' position falls to the ground. Moreover, the complaint affirmatively alleges that the defendants are not workmen and do not stand in the relation of employees, but are contractors operating independently and in some instances in competition with the plaintiffs. In this setting, it cannot be said as matter of law, as urged by the defendants, that they are merely employees organized to promote their interests as such and that the dispute is solely a labor dispute. Perhaps the facts as developed upon a trial will show this to be the case; but these are not the facts alleged and the sufficiency of the complaint depends on the alleged, not on the proved facts. Therefore, the motion to dismiss for failure to state a claim must be denied. For like reason the motion to dismiss for lack of jurisdiction over the subject matter is denied. It cannot be held on the complaint as drawn that nothing but a labor dispute is alleged and that the plaintiffs' only proper avenue of redress is before the National Labor Relations Board.

This brings us to the consideration of the branch of the motion for summary judgment. The defendants have presented many facts tending to show that the defendants, though called "independent contractors," are really not such—that in fact they are employees of the Principal Reporters. It would extend this opinion to inordinate lengths to set forth the minutiae of detail relied upon by the defendants to support, and the plaintiffs to resist, the claim that the parties are in employer-employee relationship. The mere recital of their factual contentions discloses an irreconcilable conflict as to status. The version of the defendants is diametrically op-

1. Schatte v. International Alliance, etc., 9 Cir., 182 F.2d 158, certiorari denied 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608; Allen Bradley Company v. Local Union No.

3, 2 Cir., 164 F.2d 71, 75, after remand, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939.

2. 29 U.S.C.A. § 151 et seq.

posed to that of the plaintiffs on every essential point. The fact that the agreements with Federation were designated as "collective bargaining agreements," or that plaintiffs have never questioned Federation as a bona fide labor organization, does not necessarily establish that, in truth, the relationship of employer and employee existed; no more than the denomination in the agreements of the reporters as "independent contractors" or the reference to them as "free lance reporters" establishes those facts. The actual facts, and not labels, determine the true status.[3]

The essential question whether the individual defendants are true entrepreneurs rather than employees cannot be resolved summarily on the basis of the conflicting affidavits but must await determination upon trial.[4] The rules of law to be applied will depend on the facts as found.

The legal contentions of the parties are many and varied. In summary, the defendants urge that a combination of workingmen organized to promote their own interests is not a monopoly or a restraint of commerce;[5] that so long as the defendants seek to further labor objectives and do not combine to raise or fix the market price, their activities are lawful.[6] They say, too, that the present case involves a labor dispute under the Norris-LaGuardia Act,[7] though it be conceded, arguendo, that the defendants are "independent contractors"[8]—that the basic issue is whether the members of the Federation are proper subjects for collective bargaining in the light of the "economic realities."[9] As a corollary, the defendants also contend that the plaintiffs complain only of unfair labor practices within the exclusive jurisdiction of the National Labor Relations Board.[10] In support of their various contentions, the defendants have cited many cases in addition to those already enumerated.

3. Rutherford Food Corp. v. McComb, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772; Matter of Electrolux Corp., 288 N.Y. 440, 43 N.E.2d 480; In re Rowe, 263 App.Div. 915, 32 N.Y.S.2d 170. Cf. Precision Fabricators, Inc. v. National Labor Relations Board, 2 Cir., 204 F.2d 567.

4. Colby v. Klune, 2 Cir., 178 F.2d 872; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Dyer v. McDougall, 2 Cir., 201 F.2d 265, 268–269.

5. American Steel Foundries v. Tri-City Council, 257 U.S. 184, 209, 42 S.Ct. 72, 66 L.Ed. 189; United Leather Workers v. Herkert, 265 U.S. 457, 44 S.Ct. 623, 68 L.Ed. 1104; Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311; Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797; People v. Gassman, 295 N.Y. 254, 66 N.E.2d 705, 166 A.L. R. 154.

6. Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311; United Leather Workers v. Herkert, 265 U.S. 457, 44 S.Ct. 623, 68 L.Ed. 1104; Allen Bradley Co. v. Local Union, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939.

7. 29 U.S.C.A. § 113.

8. In part, this argument is based upon the contention that a controversy exists between Federation and Master Reporting Co., Inc., concerning terms and conditions of employment of a number of individual defendants employed by Master Reporting; that it also involves other persons in the same industry who do not stand in an employer-employee relationship is immaterial. It appears conceded that up to March 1, 1952, Master Reporting Co., Inc., was the only Principal Reporter who acknowledged employer-employee relationship with its free lance reporters. However, at that time a new contract was entered into which suggests a change in status and a recognition of "independent contractor" status. But here again the facts are in dispute and the issue cannot be resolved upon the conflicting affidavits.

9. Milk Wagon Drivers' Union v. Lake Valley Co., 311 U.S. 91, 61 S.Ct. 122, 85 L.Ed. 63; Rutherford Food Corp. v. McComb, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772; Mitchell v. Gibbons, 8 Cir., 172 F.2d 970; National Labor Relations Board v. E. C. Atkins & Co., 331 U.S. 398, 414, 67 S.Ct. 1265, 91 L.Ed. 1563; National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 64 S. Ct. 851, 88 L.Ed. 1170.

10. Bakery & Pastry Drivers & Helpers Local v. Wohl, 315 U.S. 769, 62 S.Ct.

The plaintiffs, on the other hand, insist that since the free lance reporters are not employees, the case is ruled by Columbia River Packers Ass'n v. Hinton, 315 U.S. 143, 62 S.Ct. 520, 86 L.Ed. 750. They contend that the Federal antitrust laws proscribe the Federation's activities, notwithstanding that their members are engaged in the performance of services rather than in the sale of commodities.[11]

It is obvious that before it can be decided what principles of law are to be applied to this case the facts must be established. At the present time these facts are in sharp dispute. An imperfect or uncertain record is too insecure a basis for the resolution of the close, difficult and important legal questions which this case poses.[12] In the circumstances, the motion for summary judgment must necessarily be denied.

■ There remains for final consideration the motion addressed to the claims based on the New York General Business Law and the common law. Jurisdiction here against all the defendants, including the Federation, is founded on the violation of the Federal laws and any disposition of these additional claims is incidental to the exercise of the Federal jurisdiction.[13]

■ Federal Rule 17(b) permits suit against an unincorporated association in its common name for the enforcement of a substantive right existing under the laws of the United States. The action is, therefore, properly brought against the Federation under its name for the violation of the Federal statutes. In the circumstances, the defendant being properly before the Court, it would appear needless formalism to require its officer to be named as such in accordance with § 13 of the General Associations Law of New York, the more so since its president has in fact been served both individually and as president and since the individual members of the Federation are also named as defendants. At most, under the circumstances of this case, the alleged defect is an irregularity which may be corrected.[14] This branch of the motion is, therefore, denied. If any of the parties so desire, the order to be entered hereon may provide that, with respect to such claims, the title be amended to indicate conformity with § 13 of the General Associations Law of New York.

Settle order on notice.

816, 86 L.Ed. 1178; National Labor Relations Board v. E. C. Atkins & Co., 331 U.S. 398, 414, 67 S.Ct. 1265, 91 L.Ed. 1563.

11. United States v. National Ass'n of Real Estate Boards, 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007; United States v. Women's Sportswear Ass'n, 336 U.S. 460, 69 S.Ct. 714, 93 L.Ed. 805.

12. Cf. Anderson-Friberg, Inc., v. Justin R. Clary & Son, D.C., 98 F.Supp. 75, 82.

13. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. Cf. McCann v. Whitney, Sup., 25 N.Y.S.2d 354.

14. Matter of Motor Haulage Co. v. International Brotherhood of Teamsters Union, 298 N.Y. 208, 81 N.E.2d 91.