Samuel Babin, J.
Motion by defendant International Brotherhood of Teamsters, Local 239 “appearing specially” to dismiss the complaint for legal insufficiency ‘ ‘ in that said Local 239 was and is an unincorporated labor organization and it was not sued through its president or treasurer in their respective capacity pursuant to General Associations Law, Section 13 ”; cross motion by plaintiff to amend her summons and complaint and the caption of this action.
The main motion is granted. While as a general rule a defendant raising an objection to a complaint in point of law thereby makes a general appearance in the action which is equivalent to personal service of the summons upon it (Civ. Prac. Act, § 237; Montgomery v. East Ridgelawn Cemetery, 182 Misc. 562, affd. 268 App. Div. 857), an unincorporated association, as such, is incapable of making such an appearance for it 11 was never and is not now considered a legal entity, separate and apart from the persons who compose it. (Mandell v. Cole, 244 N. Y. 221.) To avoid the inconvenience of naming and serving every member of the association in an action *790 against them, section 13 of the General Associations Law was enacted. It provides for the maintenance of the action against the president or treasurer of the association, and it must be strictly complied with. (Hagan v. Bricklayers’, etc. Union of Syracuse, 143 Misc. 591, 593.) When the association is named as defendant, without joining the individual members, there is no one before the court who is capable of being sued. To bind the members and acquire jurisdiction of the property of the association the suit must be directed against the designated officer. (Andrews v. Local Union No. 13 of Rochester, 133 Misc. 899, 900.) ” (New York Elec. Contrs. Assn. v. Local Union No. 3, 176 Misc. 991, 992 [italics in original].) It follows, therefore, that the complaint, which alleges that movant is an unincorporated association and yet mentions it and it alone, states no cause of action against it. (Hanke v. Cigar Makers’ Int. Union of America, 27 Misc. 529 [decided under Code Civ. Pro., § 1919, the last two sentences of which are identical with section 13 of the General Associations Law]; Lloyd v. Sloan, 259 App. Div. 615, 616-617; Hartman Realty Co. v. Local 150 United Mechanics, etc., 180 Misc. 524.)
The cross motion is denied. As demonstrated in the disposition of the main motion, the defect is not merely one of parties but of jurisdiction. Had service been made upon either the president or treasurer, a different result would follow. Here, however, service was made upon “ a Trustee [under the group insurance policy in question] and an officer ” of movant (affidavit of attorney for plaintiff, p. 2), but not upon either its president or treasurer, which officers it apparently has (cf. New York Bd. of Fire Underwriters v. Whipple & Co., 36 App. Div. 49).
Submit orders.