Irving H. Saypol, J.
The action is against an unincorporated association, its proper officers are designated in the caption (General Associations Law, § 13) and the complaint has survived the defendants’ attack under rule 106 of the Rules of Civil Practice on the ground that required allegations of adoption and ratification by the' membership were lacking (N. Y. L. J., Nov. 1, 1957, p. 6, col. 8).
The jurisdiction of the subject matter is now attacked because service was made on a person other than either of the named and authorized officers. After the service of the summons and complaint, the plaintiff’s application for a temporary injunction was unsuccessfully opposed by the defendants appearing generally through their present counsel (N. Y. L. J., Oct, 24, 1957, p. 6, col. 2). As has been stated, the same lawyers for the same clients had moved against the complaint.
The prior conduct of the defendants in opposing the application for a temporary injunction — meeting the general issue on *70 the merits, and their attack on the complaint on a point of law, constituted a voluntary general appearance, the equivalent to personal service of the summons (Civ. Prac. Act, § 237). By analogy the defendants under authority of section 12 of the General Associations Law could maintain a jural relationship as plaintiff (Westcott v. Fargo, 61 N. Y. 542). There is established precedent to support the conclusion that the defendants could voluntarily waive the defect in service by making a general appearance (Schivera v. Long Is. Light. Co., 61 N. Y. S. 2d 430, revd. on other grounds 270 App. Div. 852, affd. 296 N. Y. 26; Mack v. American Express Co., 20 Misc. 215). The Court of Appeals has held that failure to designate the officer in his proper capacity is a corrective irregularity (Matter of Motor Haulage Co. [Teamsters’ Union], 298 N. Y. 208). That being so, and if the amorphous aggregation (Martin v. Curran, 303 N. Y. 276, 280) without existence, independent of its individual membership, nevertheless can sue under section 12 of the General Associations Law through its designated officers, it seems logical that by defending through them on the merits it must be held capable of waiving the prior defect in service.
The defendants’ citation and quotation from the opinion of Rabin, J., in Caines v. Prudential Ins. Co. (8 Misc 2d 789) seems to ignore the opening statement in the opinion where Judge Rabin said that the defendant was appearing specially to attack the complaint for legal insufficiency. It is clear that the latter case involved no question of the effect of any prior general appearance.