Nathaniel T. Helman, J.
In this action for a permanent injunction restraining mass picketing and various alleged acts of violence and intimidation, plaintiff requests a temporary injunction and, in aid thereof, an immediate hearing pursuant to the provisions of section 807 of the Labor Law. Defendant, while conceding that proper procedure requires the holding of a hearing, resists the application on the ground that the court lacks jurisdiction, and cross-moves to dismiss the complaint on the ground that the defendant is being sued as a legal entity, being a voluntary unincorporated association, and not by its president or treasurer.
It has been uniformly held that an action or proceeding against an unincorporated association may be maintained even though the president or treasurer was not named in the title of the action, provided such president or treasurer was actually served with process. The failure to designate the president or treasurer “ in his representative capacity as the defendant or respondent is an irregularity which may be corrected in the absence of prejudice to a substantial right of any party ” (Matter of Motor Haulage Co. [International Brotherhood of Teamsters], 298 N. Y. 208, 212; McGill v. Standish, 74 N. Y. S. 2d 324, 326 [where a nunc pro tunc amendment of the title was authorized]; New York Elec. Contrs’. Assn. v. Local Union No. 3, 176 Misc. 991 [where the court indicated that such amendment could be effected on the court’s own motion]).
*878 In 196-1, section 13 of the General Associations Law was amended to permit service of process on a labor organization by serving, among others, a business agent, the method of service employed by this plaintiff. In enumerating the persons to be served, the new section added the significant language that such service “shall constitute service upon a labor organization”. While no interpretations of the new statute have been called to the court’s attention, it is clear that the Legislature intended to facilitate acquisition of court jurisdiction over the association by removing the previous restriction of service on the president or treasurer. Since the cited cases have established that failure to name a president or treasurer constitutes a mere irregularity when one of the latter is actually served, the same principle must apply when another officer or agent is served. It has been suggested in a new treatise on New York Civil Practice, that “Naming the union itself as the defendant rather than the officer actually served, would, therefore, seem appropriate ” (1 Weinstein-Korn-Miller, par. 320.07).
Motion for a hearing is granted, and the matter shall proceed to an immediate hearing at Special and Trial Term, Part I, of this court. Defendants’ cross motion is denied.