■ AUGUST BOHL CONTRACTING COMPANY, Appellant, v IUE, AFL-CIO DISTRICT No. 3, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered August 7, 1978 in Rensselaer County, which vacated a judgment of that court, entered April 6, 1977, granting summary judgment directing defendant IUE, AFL-CIO District No. 3, to pay certain sums to plaintiff with respect to plaintiff's subcontracting work for the defendants. Plaintiff did work and provided materials as ordered by defendant Channing Construction Corporation (Channing) on land owned by the District No. 3 IUE Housing Development Fund Corporation (Develop Corp.). The Develop Corp. built a low income housing project on the land and engaged Channing to do some remedial work on the site. Its articles of incorporation require that its directors be chosen from the officers or trustees of defendant IUE, AFL-CIO District No. 3 (Union), or its local affiliates. The executive secretary of the Union, Jack Suarez, was also president of Develop Corp. The work was finished on July 1, 1975. Channing failed to pay plaintiff according to the agreed terms of the contract. On October 24, 1975, plaintiff filed a notice of lien which named the Union as the owner of the property. The notice was served on "Jack Suarez, District #3, IUE, AFL-CIO." When Channing failed to pay, the plaintiff sued the Union and Channing on December 8, 1975. Jack Suarez was again served on behalf of. the Union. The law firm of Decatur & Peer filed notices of appearance for both defendants. A complaint was served on both parties on January 23, 1976, to which neither responded. A notice of motion for summary judgment was thereafter served on Decatur & Peer, the attorneys for both defendants. Summary judgment was ultimately entered on April 6, 1977. A copy of the judgment was served on Jack Suarez as well as the attorneys, Decatur & Peer. The Union moved to set aside the judgment and this motion was granted. Special Term vacated the default judgment against the Union on the ground that it was not a proper party in a lien foreclosure action because it was not the owner of the subject property, and that, in any

event, the Union, as an incorporated labor association, was improperly sued in its own name. The plaintiff contends on this appeal that Special Term abused its discretion in setting aside plaintiff's default judgment. We agree. The criteria for vacating a judgment under CPLR 5015 have been stated as follows: "In order to be relieved of default, the moving party must assert facts constituting a meritorious defense, a valid excuse for the default and the absence of willfulness *(Cohen v Levy,* 50 AD2d 1039)." *(Bishop v Galasso,* 67 AD2d 753.)* The Union has shown neither a valid excuse for its default nor the absence of willfulness in the instant case. The summons, notice of motion for summary judgment and a copy of the judgment were all served on Decatur & Peer, attorneys of record. Jack Suarez, admittedly the secretary-treasurer of the Union, was personally served with the notice of lien and the summons. He was also served with a copy of the judgment. The attorneys, Decatur & Peer, entered an appearance on behalf of the Union and were attorneys of record for both defendants. The officers could not have been unaware of these legal proceedings in view of the Union's close involvement with the Develop Corp. in relation to this low income housing project. Nor has the Union demonstrated it has a meritorious defense. The fact that the Union was sued in its own name and not in the name of a proper officer in his capacity as such, in violation of section 13 of the General Association Law, was not a fatal defect but merely a correctable error (see *Matter of Motor Haulage Co [International Brotherhood of Teamsters],* 298 NY 208; *Carpentieri v Redmond,* 284 App Div 897). Such error can be corrected by amendment *(New York Elec. Contrs.' Assn. v Local Union No. 3 of Int. Brotherhood of Elec. Workers,* 176 Misc 991). It is true the complaint herein failed to correctly identify the Develop Corp. as the record owner of the property as required by section 9 of the Lien Law, but the consequence of this defect is merely to preclude creation of a valid lien. It does not prevent recovery on a valid contract theory. A common-law cause of action for contract may survive the dismissal of a lien cause of action *(Smith Bros. Plumbing Co. v Engine Air Serv.,* 307 NY 903, 906; Lien Law, §§ 54, 64). The complaint stated a valid cause of action in contract. It alleged that Channing, the contracting company, acted as agent for and on behalf of the Union in engaging appellant's services and that the work performed inured to the benefit of the Union. Thus, Special Term erred as a matter of law and as a matter of discretion in vacating the default judgment entered April 6, 1977. The order entered August 7, 1978 should be reversed, the motion to vacate the default judgment denied and the judgment reinstated. Order reversed, on the law and the facts, with costs, and motion denied. Kane, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.