◼ ARNULFO MONTALVO, Appellant, v BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION OF AMERICA LOCAL No. 3, AFL-CIO, Respondent.—In an action for a judgment declaring that the defendant is not entitled to a lien on the proceeds of any settlement, judgment or recovery by the plaintiff with respect to an accident on January 19, 1985, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 2, 1986, which denied his motion for summary judgment on the complaint and to strike the defendant's affirmative defenses.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the plaintiff's motion which were to strike the defendant's first and second affirmative defenses, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, an employee of Entenmanns Bakery, was seriously injured in an automobile accident on January 19, 1985. Although this accident was in no way related to his employment, the plaintiff received weekly disability benefits totaling $3,074 pursuant to an insurance policy held by his employer through the defendant. Subsequently, when the plaintiff settled a lawsuit brought by him as a result of this automobile accident against a third party, the defendant

served the plaintiff with a "Notice of Final Lien", whereby the defendant sought, pursuant to the provisions of the "Bakery and Confectionery Workers Local No. 3 Welfare Fund Deed of Trust", to impose a lien on the proceeds of the plaintiff's recovery in the action against the third party for the benefits paid to the plaintiff. Thereafter, the plaintiff commenced this action seeking a judgment declaring that the defendant is not entitled to a lien on the proceeds of any settlement, judgment or recovery obtained by him with respect to the accident on January 19, 1985. The defendant, in its answer, in addition to interposing general denials, asserted that the court lacked jurisdiction because of improper service of process and because the action had not been properly brought against the appropriate officer.

The plaintiff moved for summary judgment, alleging that the no-fault benefits received by him had been offset by the amount of disability benefits paid by the defendant, and thus Workers' Compensation Law § 29 (1-a) and § 227 (1-a) and Insurance Law § 5105 prevented the defendant from obtaining a lien on the proceeds recovered by him in the action against the third party. The plaintiff sought to strike the defendant's affirmative defenses, and, in support of those branches of his motion, supplied an "Affidavit of Service of Summons" which showed that the defendant's treasurer had been personally served with process. The court denied the plaintiff's motion, with leave to renew following the completion of discovery proceedings.

The defendant does not seek to impose a lien granted by statute (see, Workers' Compensation Law § 29 [1]; § 227 [1]) but rather seeks to impose its lien pursuant to the provisions of the "Bakery and Confectionery Workers Local No. 3 Welfare Fund Deed of Trust". This document has not yet been made a part of the record; thus, this court is unable to ascertain whether the provisions and restrictions of Workers' Compensation Law §§ 29 and 227 and Insurance Law § 5105 apply to the facts of this case. Accordingly, the plaintiff is not entitled to judgment at this time.

However, the plaintiff has demonstrated that the defendant's affirmative defenses are without merit and should be stricken. The plaintiff established through the submission of the "Affidavit of Service of Summons" that service of process was properly made upon the treasurer of the defendant organization. The defendant failed to submit any papers in opposition to the plaintiff's motion, so there has been no factual issue raised. Since service was in compliance with the require-

ments of General Associations Law § 13, the defendant's first affirmative defense is stricken. Furthermore, although the plaintiff has brought suit against the defendant using its proper name and has failed to name either the defendant's president or treasurer, in his or her representative capacity, as a party to this action, as is required by General Associations Law § 13, this error is not jurisdictional and can be corrected (see, Matter of Motor Haulage Co. [International Bhd. of Teamsters], 298 NY 208; Carpentieri v Redmond, 284 App Div 897; Bohl Contr. Co. v IUE, AFL-CIO Dist. No. 3, 73 AD2d 1023, lv dismissed 51 NY2d 704). Accordingly, the defendant's second affirmative defense is stricken as well. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.