OPINION OF THE COURT
Burton S. Sherman, J.
The petitioners seek to vacate an arbitrator’s award and the respondent Gus Bevona, president of Local 32B-32J, Service Employees International Union, cross-moves to dismiss for lack of proper substituted service allegedly attempted pursuant to CPLR 308 (2). Jurisdiction shall, of course, be considered first.
The initial question, namely whether a labor union may be served at all by substituted service is one of first impression.
*880 Section 13 of the General Associations Law provides in effect that an action against an unincorporated association may be brought by serving its president or treasurer in his or her representative capacity where each of its members have a common or joint interest in the association or share liability jointly or severally. Its purpose is clear. It simply avoids, by designating representatives, the necessity of serving each and every member of the unincorporated association to obtain jurisdiction. For such association has no legal existence apart from the people who comprise it (Hagan v Bricklayers’ Masons’ Marble Masons’ & Tile Setters’ Union No. 28, 143 Misc 591). However, with respect to labor unions, section 13 was amended in 1961. The amendment states: "The service of summons, subpoena or other legal process of any court upon the president, vice president, treasurer, assistant treasurer, secretary, assistant secretary, or business agent, in his capacity as such, shall constitute service upon a labor organization. Such service shall be made on such individuals in the manner provided by law for service of a summons on a natural person.” While there is no legislative history with respect to the amendment, its intent is also clear. First, it expands the class designated to be served as to labor unions to facilitate easier acquisition of personal jurisdiction. (United Min. & Chem. Corp. v United Mechanics’ Union, Local 150 F of Amalgamated Meat Cutters & Butcher Workmen, 43 Misc 2d 877.) Indeed, the result of this liberalization is that "[njaming the union itself * * * rather than the officer actually served would, therefore, seem appropriate” to confer jurisdiction (2 Weinstein-Korn-Miller, NY Civ Prac jf 320.07) because failure to name the designated officer is considered a mere irregularity (United Min. & Chem. Corp. v United Mechanics’ Union, Local 150 F of Amalgamated Meat Cutters & Butcher Workmen, 43 Misc 2d 877, supra). Secondly, the intent of the amendment was to provide and expand the method of service upon labor unions. Prior to the said amendment substituted service upon an unincorporated association could only be made by obtaining a court order (Pan Am. World Airways v Air Line Pilots Assn., 22 Misc 2d 148). By providing service of process in the same manner as "a natural person” the amendment permits substituted service without a court order, because CPLR 308 proclaims that "Personal service upon a natural person shall be made by any of the following methods” and subdivision (2) provides for substituted service. Thirdly, the unequivocal language in the amendment indi *881 cotes the intent of the Legislature to depart from the rule as to corporations which does not permit substituted service where a statute designates particular corporate officers or employees to be personally served (CPLR 311; Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551). However, there is a vast legal difference between a corporation and an unincorporated association. The court concludes that the respondent labor union can be served by substituted service.
The court finds that such service was not properly made in this case pursuant to the dictates of CPLR 308 (2). Service was attempted by a messenger service employed by petitioner’s counsel’s law firm. While someone from respondent’s union office allegedly told counsel for petitioner prior to 5:00 p.m. on the telephone that the office was still open, it was claimed that just before 5:00 p.m. when the messenger arrived at the floor, the office was locked. It is not unusual for offices in nonprofit organizations to close at or about 5:00 p.m. The messenger was not prohibited from entering the office building or from proceeding to the proper floor. Nor is there even a suggestion of avoidance of service. Finally, the leaving of process with a janitor or office building maintenance employee in the lobby at 5:00 p.m. is insufficient as a matter of law for conferring jurisdiction pursuant to CPLR 308 (2). The cross motion is granted and the special proceeding is dismissed. The clerk is directed to enter a judgment accordingly.