OPINION OF THE COURT
Michael A. Ciaffa, J.
When Martin Luther posted his “Ninety-Five Theses on the Power and Efficacy of Indulgences” on the door of Castle Church in Wittenburg on the eve of All Saints Day, October 31, 1517, he also sent a copy to the Archbishop who was responsible for the sale of indulgences. In that manner, he gave actual notice of his grievances to responsible church officials.
This nonpayment eviction proceeding against an unincorporated church presents, as one of its issues, whether a landlord must provide similar actual notice to church officials in order to secure a judgment of eviction. For the reasons explained below, the court concludes that the landlord must name and serve a proper church officer in such a proceeding. Merely naming the church as a respondent, and affixing a copy of the petition to the church door, followed by mailing to the church, is legally insufficient. Accordingly, the petition is denied, and the proceeding is dismissed, without prejudice to recommencement after proper service and upon proper proof of merit.
Petitioner, L & L Associates Holding Corp., petitions for judgment awarding it possession of certain leased premises at 40 Nassau Road, Roosevelt, New York, together with a warrant of eviction, a judgment for rent arrears, and related sums for interest, legal fees, costs and disbursements.
The only named respondent in the proceeding is “Charity United Baptist Church.” According to the petition, the respondent church “entered into possession . . . under an oral rental *357 agreement” providing for payment of “$3,500.00 each month.” The church allegedly defaulted in the payment of rent in August and September 2011. The petition further alleges that such rent was “duly demanded” “pursuant to a three day rent demand,” and that respondent “continues in possession of premises without petitioner’s permission after said default.”
The affidavit of service filed by petitioner alleges that its process server attempted to “find Recipient or a person of suitable age and discretion” at the premises on three different dates: on Saturday, October 8, 2011, at 7:20 p.m.; on Monday, October 10, 2011, at 6:49 p.m.; and on Tuesday, October 11, 2011, at 2:30 p.m. The following morning, Wednesday, October 12, 2011, at 9:00 am., the process server affixed and taped a true copy of the notice of petition and petition “to the entrance door of said property.” Later that day, the process server mailed an additional copy to respondent Charity United Baptist Church by first-class mail and by certified mail addressed to the church’s “place of business” at 40 Nassau Road, Roosevelt.
The petition was noticed for hearing just six days later, on Tuesday, October 18, 2011. No one appeared for respondent on the return date.
Notwithstanding respondent’s failure to appear, the papers submitted by petitioner raise a critical threshold issue of whether the respondent church was properly named and served. Since there is no indication in petitioner’s papers that the church was formally incorporated under section 2-a of the Religious Corporations Law, the church will be treated as an “unincorporated church.” (See Religious Corporations Law § 2.) An “unincorporated church” is generally subject to the same rights and liabilities as an “unincorporated association.” (See 92 NY Jur 2d, Religious Organizations § 13.)
Under New York law, an unincorporated association has “no legal existence separate and apart from its individual members.” (Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1025:2, at 257.) Unlike a partnership, an unincorporated association may not be sued “solely in the association name.” (Id. at 258.) Consequently, if an unincorporated church (or other unincorporated association) is to be sued in a proceeding to recover property, or upon any other cause of action, the lawsuit must be maintained against a representative natural person, such as “the president or treasurer” of the association (see General Associations Law § 13; CPLR 1025), or “another officer in a position equivalent to that *358 of a president or treasurer.” (92 NY Jur 2d, Religious Organizations § 13; see also Alexander, Practice Commentaries, CPLR C1025:2, at 257 [if an unincorporated association lacks a president or treasurer, action may be brought against the association’s “most closely analogous officer”].)
Under case law interpretations of these rules, naming errors in a caption typically are treated as “a mere irregularity.” (Alexander, Practice Commentaries, CPLR C1025:2, at 258.) However, close examination of the cases discloses an important caveat: “an action or proceeding against an unincorporated association may be maintained even though the president or treasurer was not named in the title of the action, provided such president or treasurer was actually served with process.” (United Min. & Chem. Corp. v United Mechanics’ Union, Local 150 F, 43 Misc 2d 877, 877 [Sup Ct, NY County 1964]; accord Matter of Motor Haulage Co. [Teamsters’ Union], 298 NY 208, 212 [1948] [“where the complaint or notice of motion commencing a special proceeding is served upon the president or treasurer of an association, the failure to designate that person in his representative capacity as the defendant or respondent is an irregularity which may be corrected in the absence of prejudice to a substantial right of a party”].)
More recent decisions from the Appellate Division have not questioned the foregoing holdings. When they have permitted belated corrections to a caption naming only the association as the defendant, they have done so only upon proof that the association’s president or treasurer had actually been served with the summons and complaint. (See e.g. Montalvo v Bakery & Confectionery Workers Intl. Union of Am. Local No. 3, AFL-CIO, 137 AD2d 506 [2d Dept 1988]; Miller v Student Assn. of State Univ. of N.Y. at Albany, 75 AD2d 843 [2d Dept 1980].)
In the instant proceeding, petitioner has neither identified the individuals who represented the church in its dealings with petitioner, nor has it attempted to name or serve any of them. While debts and obligations incurred by a church’s officers and officials may be the basis for a judgment enforceable against church property {see General Associations Law § 15), any such suit must be maintained in strict conformity with the procedural rules for service of process upon a responsible church representative. Petitioner has not followed those rules.
Moreover, since the church, itself, is an unincorporated entity that “cannot hold property directly” (see 92 NY Jur 2d, Religious Organizations §§ 14, 74), petitioner’s eviction proceed *359 ing must necessarily be brought against responsible church representatives before this court can exercise jurisdiction over the actual affected parties. Such notice is also appropriate to provide the means of enforcing the exercise of jurisdiction if petitioner’s claim is found to be meritorious.
In finding petitioner’s proof of service insufficient under the circumstances presented, the court has closely reviewed the provisions of RPAPL 735, and concludes that the section does not eliminate the need for personal service upon a designated individual. Although petitioner may have literally followed the language of RPAPL 735 (1) (b) respecting service upon an unincorporated association by mailing a copy of its papers to the church, it failed to similarly mail a copy to the “natural person” entitled to actual notice (see RPAPL 735 [1] [a]) — namely, the president, treasurer, pastor, or other responsible personal representative of the Charity United Baptist Church. (See General Associations Law § 13; United Min. & Chem. Corp. v United Mechanics’ Union, Local 150 F, supra; Matter of Motor Haulage Co. [Teamsters’ Union], supra.)
In closing, if petitioner had utilized the method employed by Martin Luther in 1517, petitioner would have followed the affixing of its papers to the door of the church with a mailing directed to the president, treasurer, pastor, or other responsible officer of the respondent Charity United Baptist Church. Merely mailing a copy to the church, without designating a particular recipient, was ineffective to confer jurisdiction over the petition. For this fundamental reason, the petition is hereby denied, and the proceeding dismissed without prejudice.
Finally, as an alternate basis for dismissal of the petition, the court notes that the “three (3) day notice” annexed to the petition evidences a prior demand for back-due rent (made in February 2011). No proof is provided respecting the demand (for August and September 2011 rent) that is referenced in the petition. Under controlling case law authority, petitioner’s failure to annex proof of its three-day demand for the August and September rent is also a fatal jurisdictional defect. (See e.g. St. James Ct. v Booker, 176 Misc 2d 693 [Civ Ct, Kings County 1998]; accord Price v Roberts, 25 Misc 3d 1224[A], 2009 NY Slip Op 52287[U] [Nassau Dist Ct 2009]; see also 89 NY Jur 2d, Real Property — Possessory Actions § 56.) For this reason as well, the petition is denied, and the proceeding is dismissed.