LOCAL UNION NO. 1, TEXTILE WORKERS, *vs.* JOSEPH
BARRETT.

A voluntary association formed for social or charitable purposes, and not for purposes of trade or profit, is not a partnership.

A member of such association has no proprietary interest in, or right to any proportional part of, its property, either during his membership or upon his withdrawal. He may use and enjoy it while a member, but the property belongs to the society.

Where, upon the dissolution of a partnership, the amount due from a prior partner to the other partner is ascertained, or a promise has been made to pay an ascertained sum, or a balance of accounts has been struck, assumpsit will lie as between the partners.

And where a balance resulting from an account stated is retained by a partner, a promise to pay will be implied.

ASSUMPSIT, for money had and received.   Jury trial waived.

*December* 22, 1896.   MATTESON, C. J.   This is assumpsit for money had and received.   The plaintiff is a beneficial association, unincorporated.   The agreed statement of facts shows that while a member of the association the defendant received of the funds belonging to it $13.86, which he still retains, though he had ceased to be a member of the association before the bringing of the suit.   The court below held that the action could not be maintained because the association, not being incorporated, must be regarded as a partnership.

We think this was error.    The essential element of a partnership, as between its members, is the agreement to share profits and losses.    This element is wanting in voluntary associations, such as the plaintiff, formed for social or charitable purposes and the like, and not for the purpose of trade or profit, and hence they do not stand on the footing of a partnership.    *Lafond* v. *Deems*, 81 N. Y. 507 ; *Deboss* v. *Gray*, 22 O. St. 159 ; *Ash* v. *Guie*, 97 Pa. St. 493 ; *Burt* v. *Lathrop*, 52 Mich. 106 ; *Burk* v. *Roper*, 79 Ala. 138 ; *Re St. James Club*, 2 DeG., M. & G., 383 ; *Flemyng* v. *Hector*, 2 M. & W. 172 ; *Queen* v. *Robson*, L. R. 16 Q. B. div. 137 ; Parsons on Partnership, 4 ed. § 60 ; 1 Lindley on Partnership, Wentworth's Notes, ed. 1888, p. 50.    The property of such an association is a mere incident to the purpose of the organization, and a member has no proprietary interest in it nor right to any proportional part of it, either during his continuance in the partnership or upon his withdrawal.    He has merely the use and enjoyment of it while a member, the property belonging to and remaining with the society. 1 Bac. Ben. Soc. § 38 a. ; *Brown* v. *Storckel*, 74 Mich. 269 ; *Sharp* v. *Warren*, 6 Price, 131.

But were the rule otherwise, section 3 of the by-laws of the plaintiff, made a part of the agreed statement of facts, provides that "none but members in good standing shall be eligible to hold . . . . any ownership in any property belonging to the union."    The defendant on becoming a member of the association assented to this by-law, and therefore it became a part of the contract between him and the association.    On ceasing to be a member of the association in good standing, all his interest in its funds was terminated by the operation of this by-law.

But, even if it be assumed that the association was a partnership, we think that the decision of the court below was erroneous.    The partnership, if one existed, had been dissolved by the withdrawal of the defendant.    Ordinarily, it is true, on the dissolution of a partnership resort must be had to the cumbersome and well-nigh antiquated action of account, or to a bill in equity for an account, to determine

the amount due from the partners to each other. But where, as in the present case, the amount due from a prior partner to the other partners has been ascertained, we see no reason why after the dissolution, they may not sue in assumpsit to recover the amount. *Fanning* v. *Chadwick*, 3 Pick. 420 (423). Where there has been a distinct promise to pay an ascertained sum, as where a balance of accounts is struck, it is held that assumpsit will lie as between partners. *Hall* v. *Stewart*, 12 Pa. St. 211 ; *Hamilton* v. *Hamilton*, 18 Pa. St. 20 ; *Gridley* v. *Dole*, 4 N. Y. 486 ; *Miller* v. *Andres*, 13 Ga. 366. And where an account stated, resulting in such a balance, is retained by a partner without objection, it is held that a promise will be implied. *Van Amringe* v. *Ellmaker*, 4 Pa. St. 281.

Judgment for plaintiff for $13.86, with interest from the date of the writ, and costs.