(27 Misc. Rep. 529.)

HANKE v. CIGAR MAKERS' INTERNATIONAL UNION OF AMERICA, LOCAL UNION NO. 10.

(Supreme Court, Appellate Term.   May 24, 1899.)

1. ACTION AGAINST VOLUNTARY ASSOCIATION—DISMISSAL.
    An action against a voluntary unincorporated association should be dismissed, where it does not appear to have been brought, as required by Code Civ. Proc. § 1919, against the president or treasurer, where it has such officers, or instituted against all the members, under section 1923.

2. SAME—SERVICE OF PROCESS—SUFFICIENCY.
    In an action against a voluntary unincorporated association, service on the secretary is insufficient.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Rudolph Hanke against the Cigar Makers' International Union of America, Local Union No. 10.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

August P. Wagener, for appellant.
Otto Kempner, for respondent.

FREEDMAN, P. J.   This action was brought to recover the sum of $200, claimed by the plaintiff to be due him from the defendant as a death benefit accruing by reason of the death of the plaintiff's wife, while a member of the defendant association.   The pleadings were oral.   The defendant offered no testimony upon the trial, and, at the close of the plaintiff's case, made a motion to dismiss the complaint upon the ground, among others, that, the defendant having been shown to be a voluntary unincorporated association, the action should have been brought against the president or treasurer thereof, as required by section 1919 of the Code of Civil Procedure.   The motion was denied.   The fact being as stated, and it having been further shown that the association had a president and treasurer, the objection was well taken, as long as the action was not instituted against all the members of the association, under section 1923 of the Code.   In no event was the action well brought against the association as a corporation, nor was service of the summons upon the secretary sufficient.   It is not necessary to discuss the other points raised on the appeal.   The judgment should be reversed, with costs to appellant.

Judgment reversed, with costs to appellant.   All concur.