(30 Misc. Rep. 719.)

MASON v. HOLMES.

(Supreme Court, Special Term, New York County.   March, 1900.)

ASSOCIATIONS—PROCESS—SERVICE—PRESIDENT—RESIGNATION.

 Code Civ. Proc. § 1919, authorizes the bringing of a suit against the president of an unincorporated association for the recovery of a debt incurred by it; and section 1921 provides that no execution shall be issued against the property or person of such president on the judgment, and that its docketing shall not bind his property. *Held* that, where it was undisputed that defendant had resigned from the office of president of an unincorporated association prior to the service of a summons on him as such, the summons would be set aside on his motion, since the validity of a judgment against the association depended on his official connection therewith.

Action by Frederick G. Mason, as assignee of the United Press, against John H. Holmes, as president of a partnership known as the New England Associated Press. Motion to set aside service of summons. Granted.

Edwin W. Sanborn, for the motion.
William C. Davis, opposed.

BEEKMAN, J. This action is brought against John H. Holmes, as president of the partnership or association known as the New England Associated Press, and the summons was served upon the said Holmes, in the city of New York, on the 23d day of November, 1899. A motion is now made to set the service of the said summons aside, mainly on the ground that Mr. Holmes was not the president of said association at the time such service was made. The facts, which seem to be undisputed, are that the New England Associated Press was an unincorporated association, all of whose members were corporations publishing newspapers, and interested in the collection of news for that purpose, and carrying on their business in the New England states. The Herald Publishing Company, which published the Boston Herald, was one of the associates, and, whenever action was required to be taken by the association, was represented by Holmes, who was the editor of the paper. It appears that prior to the 24th day of March, 1897, Holmes held the office of president of the said New England Associated Press, but that on said last-mentioned day he tendered to the association his resignation in writing, which was duly accepted. The reason for his resignation was that he had ceased to have any further interest in the affairs of the association, because of the withdrawal therefrom of the paper which he represented. It also appears that at some subsequent period the New England Associated Press wound up its business, and went out of existence as an active organization, and thereafter carried on no business of any kind whatever. The action is brought in the form which its title indicates, pursuant to section 1919 of the Code of Civil Procedure, which authorizes suit to be brought against the president or treasurer of an unincorporated association, consisting of seven or more persons, for the recovery of a debt which has been incurred by the associates. The action, although in form against the officer, is really against the association itself. The cause of action, as stated, is not one upon which an individual liability of the officer is predicated, nor can any judgment which may be recovered be enforced as against him; for section 1921 provides that the judgment which is formally entered against him does not authorize an execution to be issued against his property or his person, nor does the docketing thereof bind his property or chattels real. The only execution which can be issued at all is one which must require the sheriff to satisfy the same "out of any personal or real property belonging to the association or owned jointly or in common by all the members thereof." That the action is really against the association is further shown by section 1920, which provides, among other things, that if an officer by or against whom

the action is brought dies, is removed, resigns, or becomes otherwise incapacitated during the pendency thereof, the court must make an order directing it to be continued by or against his successor in office, or any other officer by or against whom it might have been originally commenced. I think, therefore, that the course pursued by the attorney for Mr. Holmes in moving to set aside the service of the summons made upon him is proper. It is true that the question as to whether the person named as defendant was the officer of the association which he was claimed to be is an issuable one, and therefore determinable on the trial of the action; but this does not necessarily prevent the court from determining that question in limine upon such a motion as this, where the facts seem to be undisputed. The importance of a decision upon the question before the defendant is called upon to answer is exceedingly great. The theory of the action rests, necessarily, upon the existence of an official relation of the person named as officer of the association towards those whose joint property is to be affected by the judgment. He is their representative in the action only when such official relation actually exists, and the judgment is made binding upon the joint property of the associates only upon the theory that they have been represented in the action by a person who has been chosen by them, among other things, to fulfill that purpose. The validity of the judgment must rest upon the actual existence of the relation, and, if the association takes no part in the litigation and is not represented therein, no adjudication of the court that the person sued as its officer actually held such official relation to it could be binding upon it, or afford a basis for a levy upon its property. It is only by the service of process upon one who is its representative that the association can be brought into court. The propriety of recognizing the right of the person sued as such representative to come into court, and have the service set aside on the ground that he was not such representative and had no right to participate in any way in a litigation, the purpose of which was to affect the rights and liabilities of others, to whom he was a stranger, is, I think, obvious. The case is quite analogous to one where the action is brought against a corporation, and a question arises whether the person served with the summons was its officer. In such a case the object of the service is to give notice of the suit to those who are to be affected by the judgment, and whether such notice has been given or not depends upon the existence of the required official relation between the person served and the party proceeded against. To be sure, in the case of a corporation it is both the nominal and the actual party to the action, whereas in such a case as this the person served is, in name, at least, the party defendant; but, as I have already suggested, the association, or perhaps, more properly speaking, the associates composing it, are the real parties, and the cause of action set forth in the complaint is one founded upon a claim against them, and not against the alleged officer named as such in the summons. The difference between the two situations is merely technical. In substance, they are practically the same. As I have stated, the facts are not in dispute. Mr. Holmes was not the president of the New England Asso-

ciated Press at the time the summons was served upon him, nor had he had any connection with it or its affairs for a period of some two years before this action was brought. His resignation was genuine, and not merely colorable, and his motive in resigning is not material. Ervin v. Navigation Co., 22 Hun, 598. The motion must be granted.

Motion granted, with $10 costs.