DAVID MILLER, Appellant, v. SAMUEL S. BLOOD, as President of the AMERICAN NEWS COMPANY, Respondent.

Master and servant — negligence — liability of master to servant injured by vicious horse furnished for use of such servant.

Where defendant with knowledge of the fact and without warning or notice to plaintiff, who was a driver in its employ, furnished him with a vicious horse from which he suffered an injury which was reasonably to be apprehended, it was error for the Appellate Division to hold as matter of law that there was no evidence to sustain the finding of the jury that defendant was negligent.

*Miller* v. *Blood*, 161 App. Div. 913, reversed.

(Argued March 14, 1916: decided April 11, 1916.)

APPEAL from a judgment, entered March 4, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edgar T. Brackett, John F. McIntyre* and *Leonard F. Fish* for appellant. A master is guilty of negligence in supplying to his servant a vicious and dangerous horse to work with. (*McCready* v. *Stepp*, 104 Mo. App. 340; *McGarry* v. *R. R. Co.*, 18 N. Y. Supp. 195.) It being the duty of the master to furnish the servant with a safe team with which to do his work, or, at least, his duty to warn the servant of the vicious propensity of the horse, the master in the case at bar failed to perform the obligation which the law casts upon him. (*Thomas* v. *R. R. Co.*, 109 Mo. 187; 55 Ark. 428; *Hammond* v. *Johnson*, 56 N. W. Rep. 967; *Leigh* v. *O. S. & R. Co.* 54 N. W. Rep. 134; *Knickerbocker Ice Co.* v. *Finn*, 80 Fed. Rep. 483; *Koney* v. *Ward*, 36 How. Pr. 255; *Conkey* v. *Bond*,

36 N. Y. 427; *Junkermann* y. *Tilyou*, 213 N. Y. 404.) It is the function of the jury to pass on the question of whether or not the propensities of the horse proven were vicious. (*Ernst* v. *R. R. Co.*, 35 N. Y. 9; *Stackus* v. *R. R. Co.*, 79 N. Y. 464; *Keller* v. *R. R.*, 26 How. Pr. 177; *Ireland* v. *R.*, 13 N. Y. 533; *Knickerbocker Ice Co.* v. *Finn*, 80 Fed. Rep. 483; *Leigh* v. *Omaha R. R. Co.*, 54 N. W. Rep. 134; *Helmke* v. *Smith*, 52 N. Y. S. R. 528; *Benoit* v. *R. R. Co.*, 154 N. Y. 223; *Kissam* v. *Jones*, 56 Hun, 432; *Lipstein* v. *Loan Society*, 139 N. Y. Supp. 789; *Talmie* v. *Oil Company*, 59 App. Div. 332; *McGovern* v. *Fitzgerald*, 148 App. Div. 34; *McCreedy* v. *Step*, 104 Mo. App. 344.)

*E. Clyde Sherwood, Edward J. Redington* and *Amos H. Stephens* for respondent. The evidence did not warrant a finding that the horse was vicious. (*McFadden* v. *Standard Oil Co.*, 164 App. Div. 890; *Bennett* v. *Willard*, 33 Misc. Rep. 112.) When the employer directed the plaintiff to drive this team and large truck to Brooklyn, there was no reasonable ground to apprehend danger to the driver from the alleged propensity of the right-hand horse to balk and to kick up when urged on by the driver. (*Basel* v. *Ansonia Clock Co.*, 216 N. Y. 356; *Ryan* v. *Cortland C. G. Co.*, 133 App. Div. 467.)

Collin, J. The action is at common law to recover the damages for the alleged negligence of the American News Company causing injuries to the plaintiff. The company is a voluntary unincorporated association consisting of more than seven members. The action is brought against its president under a provision of the Code of Civil Procedure (section 1919). The jury rendered a verdict in favor of the plaintiff. The Appellate Division reversed the judgment entered upon the verdict and dismissed the complaint upon the ground, as expressed in their opinion:

"There is no evidence to sustain the finding of the jury that the defendant was negligent, and for that reason the motion to dismiss the complaint at the close of plaintiff's case and at the close of the evidence should have been granted." Therein the Appellate Division erred.

· The jury were at liberty to find as facts under the evidence: The plaintiff, when injured, was driving a team of horses hitched to a loaded truck. The horses and truck were owned and operated by the company and were driven by the plaintiff in the course of his employment. One of the horses was habitually balky in drawing the truck when loaded and when he balked would kick viciously and bite his mate, causing it to pull or lurch. The company had knowledge of those facts. It did not warn or instruct the plaintiff of their existence. On the occasion of the injuries to the plaintiff the balky horse conducted himself in the manner described. The plaintiff dodged the kicks by shifting his position upon the driver's seat, and as he was doing so the mate of the balky horse lurched, " gave a strong, sudden pull to the left," and through the reins pulled the plaintiff, who was a little off his balance, to the street, where the wheel of the truck ran over and injured his hands. The injuries were, within reason, to be apprehended by the company. The principal question presented to us is: Was the defendant wholly guiltless of negligence, as a matter of law, in thus furnishing the plaintiff for his use in his work a horse and team of the habits and character described.

The plaintiff was not injured through the keeping by the company of a vicious horse and its acts directly upon him. The action is not within the class arising from injuries done by domestic animals, which are vicious and which are known by their owners or keepers to be vicious. (*Muller* v. *McKesson*, 73 N. Y. 195; *Lynch* v. *McNally*, 73 N. Y. 347; *Worthen* v. *Love*, 60 Vt. 285; *Earbart* v. *Youngblood*, 27 Pa. St. 331.)

The company, as the employer, was under the duty to

furnish instrumentalities and appliances reasonably safe and suitable for the authorized use to be made of them by the plaintiff as the employee. The duty related and was applicable to the horses, as well as to the harness and truck and the appliances connected with it. (*Nooney* v. *Pacific Express Co.*, 208 Fed. Rep. 274; *Yarmouth* v. *France*, 19 Q. B. D. 647; *Hammond Co.* v. *Johnson*, 38 Neb. 244; *Knickerbocker Ice Co.* v. *Finn*, 80 Fed. Rep. 483; *Simonds* v. *Interstate Lumber Co.*, 215 Mass. 263.) Failure on the part of the company to fulfill such obligation constituted negligence, and actionable negligence in case it caused or contributed to the injuries received and those injuries were reasonably apprehensible. The evidence tended to show actionable negligence on the part of the company.

The Appellate Division held the judgment erroneous as a matter of law, and have not yet passed upon the weight of the evidence. The judgment should be reversed, with costs to appellant in this court, and the case should, therefore, be remitted to the Appellate Division for its consideration of the facts. (*Gombert* v. *Niagara Junction Ry. Co.*, 217 N. Y. ——.)

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment reversed, etc.