JOHN F. HAGAN, Plaintiff, *v.* BRICKLAYERS', MASONS', MARBLE MASONS' AND TILE SETTERS' UNION NO. 28, OF THE CITY OF SYRACUSE, NEW YORK, and Others, Defendants.

Supreme Court, Onondaga County, May 2, 1932.

*Clifford H. Searl*, for the plaintiff.

*Hulbert & Heermance*, for the defendant Bricklayers, Masons and Plasterers' International Union of America.

SMITH, EDWARD N., J.   The defendant Bricklayers, Masons and Plasterers' International Union of America is an unincorporated association consisting of more than seven persons and having its principal office in the city of Washington, District of Columbia. The defendant Bricklayers', Masons', Marble Masons' and Tile Setters' Union No. 28, of the City of Syracuse, New York, of which the plaintiff was a member, is a local of said International Union, and it is assumed that by virtue of his membership in the local the plaintiff is a member of the International Union.   He has been expelled, and in this action he seeks a mandatory order restoring his membership and damages for expulsion therefrom.

The summons and complaint herein were served upon James M. White, ninth vice-president of the defendant International Union, and the motion is to set aside this service.

Section 13 of the General Associations Law (added by Laws of 1920, chap. 915) provides: " An action or special proceeding may be maintained, against the *president or treasurer* of such an association, to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally.   Any partnership, or other company of persons, which has a president or treasurer, is deemed an association within the meaning of this section."   The purpose of this section is obvious; prior to its adoption, if one would bring an action against an association it would have been necessary to bring in as parties all the individual members of the association, on the theory of a partnership.   This requirement was such that in many instances it amounted to a denial of justice, and it was to avoid the inconvenience and the injustice of such a situation that this section was adopted authorizing. action against the president or treasurer of the association.   An

action may be brought against either of these officers, not in their individual, but rather in their representative capacity.

The Bricklayers, Masons and Plasterers' International Union of America is an organization having locals in different States, and, in order to function, it has numerous vice-presidents, of which said James M. White is one, to certain of whom are assigned special duties.

Section 3 of article 8 of the constitution and rules of order of said International Union provides as follows: " The duties of the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Vice-Presidents shall be defined by the Executive Board." It is to be noted that this provision does not define the duties of the first vice-president, who apparently is the only one of the vice-presidents who may act in the place of the president. It is obvious that the privilege on the part of any one to bring action against the president or treasurer of the association imposes no duty upon a ninth vice-president and is, therefore, not a duty to be " defined by the Executive Board." It might well be that, for the convenience of residents of the State of New York who have claims against the association, the association might, by proper action, designate somebody within the State of New York who might receive the service of summons on behalf of the president or treasurer; but the papers fail to disclose that any such provision has been made.

Section 13 of the General Associations Law gave a method of bringing actions which did not formerly exist. If what the plaintiff seeks to do here could be done generally, it might be that much time would elapse before the president or treasurer of the association would have any knowledge of the existence of any such action. The method provided by said section 13 is novel and extraordinary, and, while it has been held to be constitutional, the section should be strictly complied with. The fact that the offices of the president and treasurer of the association here involved are in Washington, D. C., does not alter the situation. The plaintiff, if he would resort to the method offered, would have to wait for such time as either the president or treasurer was in the State of New York and service of process in this State could be made upon him. The statute makes no provision for a substituted service. The Legislature of this State might properly provide that where such an association has its general offices outside of the State it should, as a condition of its right to function within this State, designate some person within this State upon whom service of process could be made. This it has not done. The service upon a ninth vice-

president is not service upon the president and does not comply with the statute.

The motion is, therefore, granted, and the service of the summons upon James M. White, the ninth vice-president of the Bricklayers, Masons and Plasterers' International Union of America, should be set aside.

Ordered accordingly.