Walter A. Lynch, J.
Plaintiff’s informal application for reargument is disposed of as follows: The decision of December 23, 1955 (N. Y. L. J., Dec. 28, 1955, p. 7, col. 1) is amended to read: Plaintiff moves for a temporary injunction restraining defendants Abe Price, individually and as President of Local 138, International Brotherhood of Teamsters, Chauffeurs, Ware-housemen and Helpers, A.F.L., their respective officers, agents and/or employees, and all other defendants and all persons acting in concert or participation with them from committing or participating in the acts complained of in the complaint.
The affidavit of service states that the order to show cause was served “ upon ‘ John Doe ’, the said name being fictitious and unknown to the plaintiff, the person intended being a member of the above named labor union, engaged in picketing etc. as described in the complaint, by leaving a copy with him personally. ’ ’
On the return of the order to show cause the defendant union appeared specially and claimed that the alleged service upon the defendant union was defective for failure to comply with the provisions of section 13 of the General Associations Law.
The defendant union is described in the complaint as an unincorporated association composed of a body of persons and having a president and treasurer thereof. An unincorporated membership association is neither a partnership nor a corporation and such association has no existence independent of its members. At common law all the members were necessary parties defendant on an alleged liability of the association. Section 13 of the General Associations Law was enacted to avoid the necessity of serving every member of the association in an action against them (Martin v. Curran, 303 N. Y. 276).
*146 It appears that the “ John Doe ” who was served with a copy of this order to show cause is alleged to be an individual engaged in the act of picketing at the time of service but there is no showing that this person is the president or treasurer of defendant union. Section 13 of the General Associations Law provides a method for bringing actions which did not formerly exist and the provisions of the section should be strictly complied with (Hagen v. Bricklayers’ Union of Syracuse, 143 Misc. 591). Since the plaintiff in serving a copy of this order to show cause did not comply with the provisions of section 13 of the General Associations Law, the court has no jurisdiction to entertain this motion in respect to the defendant union and as to said defendant the application to set aside the service is granted.
As to defendant “ John Doe ”, a person alleged to be a member of the defendant union and engaged in picketing, the only defendant served, it appears that the affidavit of service on “ John Doe ” is completely lacking in identification so that he cannot be connected with any picketing referred to in the moving affidavit or with the photograph attached thereto. In the exercise of the discretion vested in the court injunctive relief will not be granted against this unknown defendant. A favorable exercise of the court’s discretion is refused on the ground an attempt might be made to use the injunction as a means of compelling the appearance of the defendant union. While technically the defendant “ John Doe ’’may be in default, the motion is denied, without prejudice, as to him. Settle order.