Jacob Markowitz, J.
The defendant, Lacey, as the president of a voluntary unincorporated association, moves pursuant to rule 112 of the Rules of Civil Practice for judgment upon the ground that the complaint or the second cause of action fails to state sufficient facts to constitute a cause of action, or alternatively, pursuant to rule 106 of the Rules of Civil Practice, for dismissal of the complaint or the second cause of action upon the same ground.
Plaintiff alleges a first cause of action in assault and battery against John Doe, an unknown assailant. This defendant has defaulted in appearance. The second cause of action, while realleging assault, alleges negligence on the part of the codefendant, Lacey, in failing to take reasonable precautions for plaintiff’s safety while attending a Christmas party at defendant’s invitation and conducted by it. The moving defendant, Lacey, is unaffected by the first cause of action which is directed to John Doe individually and, hence, not properly entitled to a dismissal of the entire complaint. Accordingly, that branch of the defendant’s motion is denied. The sole objection of the defendant, Lacey, which presents itself, is that the second cause of action in negligence fails to allege facts which would render the defendant, a voluntary unincorporated association, liable to the plaintiff for the wrong done to him under section 13 of the General Associations Law. Defendant contends that the said section requires, even in negligence cases, allegations of either ratification, consent or authorization by all of the members of the wrongful act. The absence of such alleged ratification here, it is claimed, rendered the second cause of action defective.
*13 An action instituted under section 13 of the General Associations Law must be one which would be instituted against all of its members (Martin v. Curran, 303 N. Y. 276). The said section is a procedural convenience permitting a suit to be brought against an association in the name of a specified officer instead of serving and joining each and every member thereof. Such a privilege in no way, however, was designed to alter the substantive rights and duties of the parties (Lubliner v. Reinlib, 184 Misc. 472).
The contention of the defendant, that the absence of an allegation of membership ratification of a negligent act of an agent of the association, is fatal to the pleading, in effect, renders a trade union, as such, and all other voluntary unincorporated associations, immune from liability for the negligence of such agents, even if acting in the interest of the association under the general principles of agency. The liability of a voluntary unincorporated association for the commission or omission of an unintentional wrong by its agent is solely governed by the general rules of agency. If it were necessary to plead membership ratification or authorization of an unintentional tort, other than alleging that the event was in furtherance of the association’s existence, then an aggrieved party would be placed thereby in the position of pleading, in effect, a willful or intentional wrong, substantially altering substantive rights which was not within the contemplation of section 13 of the General Associations Law. The so-called right to recover from the actual wrongdoer is of no avail. Furthermore, such logic is contrary to the common-law principles of agency in relation to responsibility. For section 13 of the General Associations Law to be meaningful in this case, the test of sufficiency rests upon the inclusion of an allegation showing that the unintentional act of the defendant’s agent occurred in the course of performing an essential activity of the association and in furtherance of the existence of it, which is capable, on principles of agency, of binding all of its members. For the purposes of this motion, sufficient facts have been alleged to meet this test.
The plaintiff is entitled upon trial to a development of the surrounding facts of the Christmas function attended by him in determining, under the principles of agency, whether or not the function in some manner furthered the general purpose and spirit of the defendant trade union.
An example of liability under section 13 wherein suit was commenced against an association for negligence committed in the furtherance of the existence of the association is Miller v. Blood (217 N. Y. 517). There the plaintiff was an employee of *14 the association and was injured by a horse supplied by the defendant union employer. Liability for negligence was imposed by virtue of the employer’s duty to furnish instrumentalities and appliances reasonably safe for the authorized use. Although it may appear, as defendant contends, that the issue raised here may not have been directly posed in that case, but inferentially, at least, the common-law substantive right to recover from the association for negligence, committed in the course of furthering the association’s functions, was unimpaired by the statutory procedural privilege to sue in the name of the association officer from which the present section 13 of the General Associations Law was derived.
Accordingly, the motion to dismiss the second cause of action in negligence is also denied.