**LLOYD A. FRY ROOFING COM-PANY, Plaintiff,**

v.

**TEXTILE WORKERS UNION OF AMER-ICA, AFL–CIO and Peter F. Umholtz, Franklin Sterner, Earl W. Koch and Herman Otto Albitz in their individual capacities and as representatives of Textile Workers Union of America, AFL–CIO, and all members of Textile Workers Union of America, AFL–CIO, Defendants.**

No. 20658.

United States District Court
E. D. Pennsylvania.

March 26, 1957.

Joseph Brandschain, Robert E. Wachs, Philadelphia, Pa., Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., of counsel, for plaintiff.

M. H. Goldstein, Philadelphia, Pa., Benjamin Wyle, New York City, William H. Englander, New York City, of counsel, for defendants.

KRAFT, District Judge.

Plaintiff, a Delaware corporation, brought this action for damages against all members of the Textile Workers Union of America (hereinafter designated "Union"), against the Union itself, and against four named persons both as Union representatives and as individuals. The asserted basis of jurisdiction is diversity of citizenship, the existence of which is challenged by defendants' motion to dismiss.

Some members of the Union are citizens of Delaware, the state of plaintiff's incorporation, and thus federal jurisdiction over this controversy be-

tween the plaintiff and "all members of" the Union is not supported by the requisite diversity of citizenship. 28 U.S.C. § 1332(a) (1); American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. Nor does this court have jurisdiction of plaintiff's action against the Union as an entity, for the Union is an unincorporated association and the citizenship of its members determines whether the required diversity of citizenship exists. Hettenbaugh v. Airline Pilots Ass'n International, 5 Cir., 1951, 189 F.2d 319; Rosendale v. Phillips, 2 Cir., 1937, 87 F.2d 454; Coyle v. Duncan Spangler Coal Co., D.C., 1923, 288 F. 897; Sun Shipbuilding & Dry Dock Co. v. Industrial Union of Marine Workers, D.C. E.D.Pa.1950, 95 F.Supp. 50.

The plaintiff may not avoid the jurisdictional impediment by the device of suing four Pennsylvania citizens, who are Union members, as class representatives of the Union. Generally, in a class action, only the citizenship of the representatives need be considered for jurisdictional purposes. Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673. However, Fed.Rules Civ.Proc. rule 17(b), 28 U.S. C.A., provides that the capacity to be sued through class representatives shall be determined by the law of the state in which the district court is held, and Pennsylvania does not permit class actions against unincorporated associations.[1] Since 1939, an action against an unincorporated labor union in Pennsylvania must either name the Union entity as the party defendant or name one of its officers as trustee ad litem.[2]

Diversity of citizenship does exist between the plaintiff and the four Pennsylvania citizens who are sued as individuals.

Whether, as these four defendants contend, this court lacks jurisdiction of the subject matter of the complaint

against them as individuals is not wholly free from doubt on the present record and can best be determined upon a trial of the issues.

### Order

Now, March 26, 1957, the motions to dismiss filed by Peter F. Umholtz, Franklin Sterner, Earl W. Koch and Herman Otto Albitz as individuals are denied. The remaining motions to dismiss are granted and the complaint against Textile Workers Union of America, AFL–CIO, Peter F. Umholtz, Franklin Sterner, Earl W. Koch and Herman Otto Albitz as representatives of said Union and against all members of said Union is hereby dismissed.

---

1. Penna.R.C.P. 2230(a) and Note following, 12 P.S.Appendix.

2. Penna.R.C.P. 2153, 2152. See also Goodrich-Amram, 1 Standard Pennsylvania Practice, §§ 2153(a)–3, 4; 2152–2.