Gregory **OSKOIAN** et al., etc., Defendants, Movants,

v.

Theobald J. **CANUEL** et al., etc., Plaintiffs.

No. 5464 Orig.

United States Court of Appeals First Circuit.

March 17, 1959.

---

1. United States v. Maroy, 7 Cir., 1957, 248 F.2d 663, 664, certiorari denied 355 U.S. 931, 78 S.Ct. 412, 2 L.Ed.2d 414.

592

Jacob S. Temkin, William J. Sheehan and Isadore Kirshenbaum, Providence, R. I., on the motion.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Here we have another application for leave to appeal from a plainly interlocutory order of the district court, pursuant to the recent amendment to 28 U.S C. § 1292 (72 Stat. 1770) reading as follows:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

In this case we think we ought to grant the pending application for leave

to appeal. Cf. Matter of Heddendorf, 1 Cir., 1959, 263 F.2d 887.

The litigation in this case was commenced by the filing in the court below of a complaint sounding in tort, based on diversity of citizenship and requisite amount in controversy. Named as plaintiffs were three individuals, members of the Independent Bakery Workers Union (now defunct), suing on behalf of themselves and others similarly situated. Named as defendants were thirteen individuals as members and representatives of the Bakery and Confectionery Workers International Union of America. It was charged that the said International Union had maliciously and illegally interfered with the employment contract subsisting between the Independent Bakery Workers Union and The Great Atlantic & Pacific Tea Company; also that the said International Union had conspired with the Company to interfere with such employment and to break the contracts of employment; and that the International Union maliciously induced the breach of said contracts of employment. On behalf of defendants, a motion to dismiss was presented. This motion was denied by amended order of the district court entered February 11, 1959. This order of denial concluded with the following statement:

"Pursuant to 28 U.S.C.A. § 1292, the Court is of the opinion that the above order, as it applies to defendants' motion to dismiss, involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal therefrom may materially advance the ultimate termination of the litigation."

The motion to dismiss urged four separate grounds for dismissal. The court in its opinion, D.C., 23 F.R.D. 307, found none of these grounds to be valid. But the form of the district court's certificate, quoted above, leaves some doubt as to which of these four grounds were regarded by the court as involving "a controlling question of law as to which there is substantial

ground for difference of opinion". However, the court's opinion seems to have had chief difficulty with that ground in the motion to dismiss which asserted that under the law of Rhode Island neither the International Union nor the asserted class of all its members had the capacity to be sued for a tort of the International Union by a complaint against the individual defendants as representatives thereof. Also, the brief for the defendants, supporting their motion for leave to appeal, is directed solely to that question. Hence we shall assume that any appeal which we shall allow from the order of February 11 will be limited by the parties to the litigation and determination of that one issue. In Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C., it is provided in relevant part:

"* * * In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States * * *."

It is apparent that the present case is not one for enforcing against an unincorporated association a substantive right "existing under the Constitution or laws of the United States". Therefore, since the exception has no application, the general rule becomes operative, that capacity to be sued must be governed by the law of the state in which the district court is held, in this case by the law of Rhode Island. This is true unless the provision of Rule 17(b), applicable in "all other cases", is to be read in conjunction with and qualified by the provisions of Rule 23(a) permitting a class action in certain specified types of cases where the members of the class are so numerous as to make it impracticable to bring them all before the court. This

is the controlling question of law which would determine the propriety of the district court's action in denying the motion to dismiss. If Rule 23 cannot be so applied, then the district court should have granted the motion to dismiss and thus have finally terminated the present litigation. The only actual court decision on the point to which we were cited is contrary to the view taken by the district court. Lloyd A. Fry Roofing Co. v. Textile Workers Union of America, AFL-CIO, D.C.E.D.Pa.1957, 152 F.Supp. 19. Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 4 Cir., 1945, 148 F.2d 403, relied on by the district court, seems to be distinguishable, since the claim there was on a federal cause of action. See also Lowry v. International Brotherhood of Boilermakers, etc., 5 Cir., 1958, 259 F.2d 568; Montgomery Ward & Co., Inc. v. Langer, 8 Cir., 1948, 168 F.2d 182.

If we should now allow this application for an appeal from the interlocutory order denying the motion to dismiss, and if, upon such review, we should conclude to direct the district judge to dismiss the complaint, we would thereby forestall what might well be a long and expensive trial. In Matter of Heddendorf, 1 Cir., 1959, 263 F.2d 887, we recognized that this new statutory amendment of 28 U.S.C. § 1292 should be used sparingly and "only in exceptional cases where an intermediate appeal may avoid protracted or expensive litigation", as said in Milbert v. Bison Laboratories, Inc., 3 Cir., 1958, 260 F.2d 431, 433. We went on to point out: "Such an exceptional case might be one where the district court has denied a motion to dismiss for want of jurisdiction which raised a novel question and is reluctant to embark upon an extended and costly trial until assured that its decision on the motion to dismiss is sustained." That "exceptional case" seems to be present here.

In granting this application for leave to appeal, we wish to make sure that the new amendment to 28 U.S.C. § 1292 is not utilized by the defendants-movants as a stratagem for stalling off the termination of the case unnecessarily. If leave is granted, pursuant to the present application, and a notice of appeal is filed, the perfection of the appeal in the ordinary course will come too late to enable us to hear the appeal at our June session, with the result that the hearing of the appeal would have to be postponed until October. There seems to be no statute or rule establishing a time for the filing of the notice of appeal and for the further perfection of the appeal when leave is granted to appeal under 28 U.S.C. § 1292(b). As a result, many of the courts of appeals have issued their own rules of court imposing strict time limits by way of implementing the procedural innovation of § 1292(b). This court has not yet issued any such rule because we have preferred to await further experience with the operation of the amended statute before determining whether any rule of court is necessary or desirable, and if it is, what the terms of such rule of court should be. Meanwhile, in view of the broad discretionary power confided to us in considering applications under 28 U.S.C. § 1292(b), as amended, we have no doubt of our power to impose comparable and reasonable time limits as conditions upon the granting of the application for leave to appeal. The condition we shall impose in this case is that the appellants must file their notice of appeal in the district court within ten days after the date of this order and docket the case here within five days thereafter.

An order will be entered granting the motion by defendants under 28 U.S.C. § 1292(b) for leave to appeal from the amended interlocutory order of the District Court entered February 11, 1959, subject to the conditions subsequent that the notice of appeal herein permitted to be filed shall be filed within ten days after the date of the entry of this order and that the case on appeal shall be docketed in the Court of Appeals within five days thereafter.