Gregory OSKOIAN et al., etc., Defendants, Appellants,

v.

Theobald J. CANUEL et al., etc., Plaintiffs, Appellees.

No. 5464.

United States Court of Appeals First Circuit.

Aug. 3, 1959.

William J. Sheehan, Providence, R. I., with whom Jacob S. Temkin and Isadore Kirshenbaum, Providence, R. I., were on brief, for appellants.

Milton Stanzler, Providence, R. I., with whom Julius C. Michaelson, Providence, R. I., was on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Circuit Judge (Retired).

This appeal was prosecuted by leave of this court granted in order to resolve a basic and difficult problem of practice. 264 F.2d 591. The case was begun by a complaint filed in the United States District Court for the District of Rhode Island, containing five counts sounding in tort. It alleges that in 1956 the Independent Bakery Workers Union won an election conducted by the National Labor Relations Board among the employees of a certain bakery of The Great Atlantic & Pacific Tea Company, that Local 184 of the Bakery and Confectionery Workers International Union of America was rejected by the employees at that election, and that the Independent Union was then duly certified by the NLRB as the collective bargaining agent for the employees at that bakery. Thereafter the International Union "maliciously and unlawfully interfered with the employment contract and rights" of the members of the Independent Union (Count 1), conspired with the A. & P. so to interfere (Count 2), "intentionally and maliciously induced and persuaded" the A. & P. to sever such employment (Count 3), conspired with the A. & P. to commit such inducement (Count 4), and conspired with the A. & P. to deprive the members of the Independent Union of their rights under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. (Count 5).

The plaintiffs are three individuals alleged to have been members of the Independent Union (which is now defunct) and to be Massachusetts citizens. They purport to sue on behalf of themselves and others similarly situated, but the district court ruled that they constituted a so-called "spurious" class under Rule 23(a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and that the rights of absent members of the plaintiff class would not be adjudicated. The thirteen named defendants, said to be Rhode Island citizens and members of the International Union, are sued as members and representatives of that Union, an unincorporated labor organization having in excess of 50,000 members. Plaintiffs claim that defendant Oskoian is an "international representative" of the International Union and that defendants Kavanaugh and Boudreau are officers of Local 184; assuming these allegations to be true, the district court found that the named defendants adequately represent the defendant class.

The defendants filed timely motions to dismiss for sundry reasons and various motions for other relief, all of which were denied. One ground of the motions to dismiss was in essence that the named defendants lacked the capacity to be sued as representatives of the International Union;[1] the motions affirmatively stated that no named defendant was an officer of the International Union and that the officers of that Union were known to the plaintiffs. The court below held that the propriety of an action against the defendant class was a question of procedural law governed only by F.R.Civ.P. 23(a), and that neither the rule of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, nor F.R.Civ.P. 17(b) required compliance with state law; the court also certified that its order denying the motion to dismiss involved a controlling question of law as to which there was substantial ground for difference of opinion and that immediate appeal therefrom might materially advance the ultimate termination of the litigation. On the defendants' motion we then granted leave to appeal under 28 U.S.C. § 1292(b) because we thought the question of capacity of the defendant class to be sued presented the "exceptional case" that justified invocation of the new interlocutory appeal procedure. 1 Cir., 1959, 264 F.2d 591. Our permission to appeal was limited to this one issue; although the district court's decisions on other related matters are accepted as premises for our decision of this question, nothing in this opinion should be construed as a review of those matters.

As our opinion granting leave to appeal intimated, our inquiry must start with Rule 17(b) F.R.Civ.P., which provides in pertinent part:

"[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States * * *."

We went on to say that, "It is apparent that the present case is not one for enforcing against an unincorporated association a substantive right 'existing under the Constitution or laws of the United States'. Therefore, since the exception has no application, the general rule becomes operative, that capacity to be sued must be governed by the law of the state in which the district court is held, in this case by the law of Rhode Island." 264 F.2d at page 593. The inapplicability of the exception, as we said, distinguishes the case relied on by the district court, Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 4 Cir., 1945, 148 F.2d 403, where the court was considering a suit on a federal right of action. We doubt that anything said

---

1. Plaintiffs-appellees' contention that the issue was not raised is wholly without merit.

there was intended to apply to cases like the present one, but if so it must have been obiter dictum. Weeks v. Bareco Oil Co., 7 Cir., 1941, 125 F.2d 84, is similarly inapposite.

One method of suit against an unincorporated labor union under the law of the state is defined by §§ 9–2–10 through 9–2–15 of the General Laws of Rhode Island. In particular, § 9–2–12 provides:

> "Actions against unincorporated associations.—Any action or other proceeding at law may be maintained to recover any property, or upon any cause of action for or upon which the plaintiff may maintain such an action or proceeding at law against all the associates, by reason of their interest or ownership, or claim of ownership therein, against the president and secretary of such association, or the officers or members exercising substantially the duties, respectively, of president and secretary, or if there be no such officer, or officers or members exercising such duties, or either of them, then against any other two (2) officers of such association, or if there be but one (1) officer, then against such single officer, or if there be no officer known to the plaintiff, then against any member of such association, describing such officer or officers, member or members, as the representative or representatives of such association."

Section 9–2–14 prohibits execution of the judgment in such an action against the person or property of members or officers of the association, and authorizes execution out of property of the association instead.

■■ If the plaintiffs had complied with this procedure, the suit would have been properly brought under Rule 17(b) against the Union as an entity. Compare Van Sant v. American Express Co., 3 Cir., 1948, 169 F.2d 355, 372. It is clear, however, that plaintiffs have failed either to join the president and secretary of the International Union or more than one alleged officer thereof, or to allege that such other officers do not exist or are unknown to them. On the contrary, they apparently admit that they know the identity of the statutorily designated officers, and they claim that, since those officers are located outside Rhode Island, failure to join them is justified. This excuse is completely without support in the statutory language, which is unambiguous. Furthermore, it seems quite reasonable that the Rhode Island legislature might demand the presence of the principal officers of a union within the state as a prerequisite to the assertion of jurisdiction over that union as an entity. We must construe the plain words of § 9–2–12 to require that the Union be sued through service on the specified officers. Cf. Hagan v. Bricklayers' etc. Union No. 28, 1932, 143 Misc. 591, 256 N.Y.S. 898. Such a special procedure for obtaining jurisdiction must be complied with strictly. Cf. Hanke v. Cigar Makers' International Union, 1899, 27 Misc. 529, 58 N.Y.S. 412; A. J. Siris Products Corp. v. Price, 1956, 3 Misc.2d 144, 148 N.Y.S.2d 180; League of Mutual Taxi Owners, Inc. v. United Construction Workers, Sup.Ct.1949, 90 N.Y.S.2d 288; Mason v. Holmes, 1900, 30 Misc. 719, 64 N.Y.S. 596. It is obvious that the plaintiffs have not properly sued the International Union as an entity under Rule 17(b) F.R.Civ.P. and § 9–2–12 of the state statute. International Union United Automobile Aircraft & Agr. Implement Workers of America v. Delta Air Lines, Inc., D.C.N.D.Ga. 1949, 83 F.Supp. 63; see Worthington Pump & Machinery Corp. v. Local No. 259 of United Electrical etc. Workers, D.C.D.Mass.1945, 63 F.Supp. 411; Gerut v. Poe, D.C.N.D.Ill.1951, 11 F.R.D. 281.

■ Still, it does not follow that the action should have been dismissed. Although the substantive allegations of the complaint plead tortious conduct of the International Union, the individual defendants may have been named as representatives not of the Union but rather of a class comprising its members. Compare Lowry v. International Brotherhood

of Boilermakers, etc., 5 Cir., 1958, 259 F. 2d 568; Fennell v. Bache, 1941, 74 App. D.C. 247, 123 F.2d 905, certiorari denied 1941, 314 U.S. 689, 62 S.Ct. 359, 86 L. Ed. 551. It appears that the law of Rhode Island recognizes one other remedy for the torts of an unincorporated association, that is, a suit against all the members of the union. This was the established method at common law, United Mine Workers v. Coronado Coal Co., 1922, 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975; Local Union No. 1, Textile Workers v. Barrett, 1896, 19 R.I. 663, 36 A. 5, and there is no reason to believe that it was abolished by the statute. That a suit against all the members may be maintained despite the statute is indicated by the permissive phraseology of § 9–2–12, and by the express terms of § 9–2–15 barring suits against the members while an action under the statute is pending. The defendants concede in their brief that an action against all the members may yet be brought. To have complied with Rule 17(b), as plaintiffs were clearly obliged to do, they must have brought suit by one of these two state-created methods—against the International Union as an entity or against all of its members. Conversely, such compliance fully satisfies Rule 17(b).

■ Whereas Rhode Island law recognizes two procedures, the Pennsylvania statute, to which reference was required by Rule 17(b) in the cases the defendants rely upon, is exclusive and mandatory in its terms, eliminating all other methods of enforcing the liability of an unincorporated association. See Underwood v. Maloney, 3 Cir., 1958, 256 F.2d 334, 337 note 3, 342; Lloyd A. Fry Roofing Co. v. Textile Workers Union of America, AFL-CIO, D.C.E.D.Pa.1957, 149 F.Supp. 695; D.C.E.D.Pa.1957, 152 F.Supp. 19. These cases are therefore no authority for our decision. The present litigation may be maintained, consistent-

ly with both Rule 17(b) and the law of Rhode Island pertaining to capacity to be sued, if, and only if, by the terms of Rule 23(a) (1) a class action such as the present one may be used as a procedural device in the federal court to effect a suit against all the members of the International Union, and to obtain a binding judgment against all of them.[2]

Rule 23(a) F.R.Civ.P., in so far as here relevant, reads:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

&ast; &ast; &ast; &ast; &ast; &ast;

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

As a matter of federal law, then, all the members of a union may be sued and bound by a "true" class action under Rule 23(a) (1). See 3 Moore's Federal Practice, par. 23.08 (2d ed. 1948).

■ The state courts in Rhode Island will entertain a nonbinding class suit of a "spurious" nature (cf. Rule 23(a) (3)), e. g., Vernon v. Reynolds, 1898, 20 R.I. 552, 40 A. 419, but a binding class suit, such as this one would have to be (under Rule 23(a) (1)), is forbidden in those state courts by Equity Rule 67, which has the force of a statute, see Letendre v. Rhode Island Hospital Trust Co., 1948,

---

2. If the defendants were only a "spurious" class under Rule 23(a) (3) F.R. Civ.P., we would be constrained to agree with their contentions on appeal, since the only Rhode Island alternative to the

statutory procedure is a suit against *all* the members and an action against only thirteen of them is not authorized by the state substantive law. This distinction is crucial.

74 R.I. 276, 60 A.2d 471. The defendants contend that by the rule of Erie R. Co. v. Tompkins, supra, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, this prohibition and/or the specific definition of representatives in a virtual representation suit found in § 9–2–12,[3] are binding on the federal court.

■ We find little to aid us in the decided cases under Rule 23(a) which have been cited. See Montgomery Ward & Co., Inc. v. Langer, 8 Cir., 1948, 168 F.2d 182; White v. Quisenberry, D.C.W.D.Mo. 1953, 14 F.R.D. 348; Sanders v. International Ass'n, of Bridge, etc., Workers, D.C.W.D.Ky.1954, 120 F.Supp. 390. The state law relevant in the three cases just cited did not allow a suit against the entity and affirmatively permitted a class action in the state courts. Both types of suits were allowed by the state law relevant in Lowry v. International Brotherhood of Boilermakers, etc., supra, 5 Cir., 259 F.2d 568; Cross v. Oneida Paper Products Co., D.C.D.N.J.1954, 117 F.Supp. 919; and International Allied Printing Trades Ass'n v. Master Printers Union, D.C.D.N.J.1940, 34 F.Supp. 178. There are only some implications in point. Pascale v. Emery, D.C.D.Mass. 1951, 95 F.Supp. 147, arose in a state where class actions were permitted against unions, see Donahue v. Kenney, 1951, 327 Mass. 409, 99 N.E.2d 155, but it is apparent that the district court did not rely on that fact in deciding that an action could be maintained under Rule 23(a). A similar opinion might be inferred from two cases which, without adverting to the law of the state, held that a Rule 23(a) class action might be brought. Tisa v. Potofsky, D.C.S.D.N.Y. 1950, 90 F.Supp. 175; Ketcher v. Sheet Metal Workers' International Ass'n, D.C. E.D.Ark.1953, 115 F.Supp. 802. On the other hand, the reasoning in Robertson v. Limestone Mfg. Co., D.C.W.D.S.C. 1957, 20 F.R.D. 365, implies that state authority for a class suit would be prerequisite to the allowance of such an action. It cannot be said that the holding of the court below was in conflict with that of any prior case.

Of course, the rule of Guaranty Trust Co. of New York v. York, supra, 326 U.S. at page 109, 65 S.Ct. at page 1470, that "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court", cannot be read so literally as to mean that no recovery may be had from a federal court that might not have been obtained from a state court. The same opinion recognizes (326 U.S. at page 105, 65 S.Ct. at page 1468) that "[t]his does not mean that whatever equitable remedy is available in a State court must be available in a diversity suit in a federal court, or conversely, that a federal court may not afford an equitable remedy not available in a State court." The fact that a federal court can offer a procedure different from that available in the state court does not preclude the application of the state substantive law so that the result will be the same as it would be in such an action brought in the state court. See Griffin v. McCoach, 1941, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (interpleader); D'Onofrio Construction Co., Inc. v. Recon Co., Inc., 1 Cir., 1958, 255 F.2d 904 (third-party claim). In the present case the result in the federal court—binding all the International Union's members—will be the same as that in a state court common law action against the membership, and the plaintiffs must make out a good cause of action under Rhode Island law against all members of the defendant class. Only in the manner of conducting this litigation does any deviation occur.

Undeniably a class action involving members of an unincorporated association is a venerable device of equity. See Mr. Justice Story in West v. Randall, C.

---

3. We view § 9–2–12 as creating an "entity", not a "virtual representation", suit; cf. 37 Harv.L.Rev. 793, 809–10 (1924), but we will assume *arguendo* that the statute specifies class representatives.

C.D.R.I.1820, 29 Fed.Cas. at page 722, No.17,424. It is equally certain that there are many procedural problems raised by a suit such as this one, for example, determining the liability of the individual members of the class because of their participation in, ratification of, or authorization of the tortious conduct, cf. Martin v. Curran, 1951, 303 N.Y. 276, 101 N.E.2d 683; Browne v. Hibbets, 1943, 290 N.Y. 459, 49 N.E.2d 713; Torres v. Lacey, 1957, 5 Misc.2d 11, 159 N.Y.S.2d 411, ascertaining the share of the plaintiffs' recovery, if any, to be borne by each member of the defendant class, and assuring that the absent members are afforded due process, cf. Hansberry v. Lee, 1940, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22. But these are merely procedural problems of the federal court in applying the controlling state substantive law, and their resolution must be judged by the guaranties of the Federal Bill of Rights. Such difficulties alone cannot justify a rule elevating the state procedural law to a supreme position. The district court would be faced with many other (probably insurmountable) procedural problems if there had to be over 50,000 parties defendant.

Thus we are clear that Rule 23(a) (1) is a valid "procedural" device, as applied to avoid the necessity of having more than 50,000 parties defendant in the United States District Court for the District of Rhode Island. The present class action under that rule is a proper exercise of the Rhode Island law allowing an action for the tort of a labor union to be brought against all the members thereof, which will require the same result as would be reached if all the International Union's members were sued in the state court. The fact, if it is a fact, that as a practical matter only under Rule 23(a) in the federal court might an action be brought against the members of the International Union is certainly not to be condemned as unseemly, mischievous, discriminatory, or unconstitutional, any more than the jurisdictional advantages of the Federal Interpleader Act, 28 U.S. C.A. §§ 1335, 1397, 2361, invalidate that Act. It follows that the adequacy of representation assured the defendant class by the presence of the named parties defendant, as found by the district court, is a corollary federal question and is not prejudged by R.I.Gen.L. § 9–2–12. The decision of the district court on the issue which is the subject of this appeal was correct.

A judgment will be entered affirming the order of the District Court in the respect in which this appeal was allowed.